IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | CIVIL NO. 14-00217 HG-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| OHANA MILITARY COMMUNITIES, LLC; FOREST CITY RESIDENTIAL MANAGEMENT, INC.; DOE DEFENDANTS 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS (ECF No. 8) WITH LEAVE TO AMEND**

**and**

**GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS (ECF No. 9)**

Plaintiffs are military families who have leased housing from Defendants at Marine Corp Base Hawaii between 2006 to the present. Plaintiffs filed a Class Action Complaint alleging that Defendants failed to provide safe and healthy living conditions. Plaintiffs contend that Defendants had knowledge that the soil at

1

the Marine Corp Base Hawaii was contaminated with pesticides. Plaintiffs claim Defendants did not disclose the presence of the pesticides before leasing housing to the military families. Plaintiffs claim they attempted to mediate their disputes with Defendants pursuant to the terms of their lease agreements, but Defendants refused.

Plaintiffs seek injunctive relief, monetary damages, attorneys fees and costs, disgorgement of profits, and punitive damages.

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Defendants filed a Request for Judicial Notice in support of their Motion to Dismiss.

Defendants' Request for Judicial Notice in Support of their Motion to Dismiss (ECF No. 9) is **GRANTED**.

Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs are permitted **LEAVE TO AMEND** their Complaint consistent with this Order.

## PROCEDURAL HISTORY

On April 3, 2014, Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, and Katie Eckroth, on behalf of themselves and all others similarly situated, filed a Complaint in the Circuit

Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF No. 1-4).

On May 6, 2014, Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On May 13, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 8).

Also on May 13, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 9).

On June 5, 2014, Plaintiffs filed "PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT." (ECF No. 16).

On June 6, 2014, Plaintiffs filed an Errata to Exhibit 2 of their Opposition to Defendants' Motion to Dismiss. (ECF No. 17).

On June 13, 2014, the Court issued a Minute Order informing Plaintiffs that their Opposition and Errata failed to conform to the District of Hawaii Local Rules. (ECF No. 20). The Court put Plaintiffs on notice that any further filings that fail to

conform to the District of Hawaii Local Rules shall be stricken. (Id.)

On June 19, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 21).

On June 26, 2014, a hearing was held on the Defendants' Motion to Dismiss and Request for Judicial Notice in Support of its Motion to Dismiss. (ECF No. 22).


**BACKGROUND**

The representatives of the Plaintiff Class are spouses of military service members who have leased residential property at Marine Corp Base Hawaii. (Complaint at ¶¶ 5-9, ECF No. 1-4). The Class representatives state that the Plaintiffs include "all former and present persons who have leased or resided in residential property from Ohana [Military Communities, LLC] at Marine Corp Base Hawaii in Kaneohe, Hawaii, from 2006 to the present." (Id. at ¶ 14). The Complaint claims that the Plaintiff Class "consists of thousands of current and former tenants." (Id. at ¶ 15).

Plaintiffs allege that Defendant Ohana Military Communities, LLC ("Defendant Ohana Communities") is a private corporation that

owns the housing at Marine Corp Base Hawaii. (Id. at ¶¶ 10, 20-21). Plaintiffs assert that Defendant Forest City Residential Management, Inc. ("Defendant Forest City Management") acts as the agent for Defendant Ohana Communities and leases the housing at Marine Corp Base Hawaii. (Id. at ¶ 22).

Plaintiffs assert that before Defendants obtained the housing at Marine Corp Base Hawaii in 2006, they had knowledge that the soil was contaminated with pesticides and presented health risks. (Id. at ¶¶ 27, 28, 30, 33). Plaintiffs allege Defendants maintained soil contamination levels at Marine Corp Base Hawaii above the limits identified in the EPA's Tier 1 and Tier 2 Environmental Action Levels. (Id. at ¶¶ 28, 33-36).

Plaintiffs allege the Defendants did not disclose the presence of pesticide-contaminated soils before leasing housing to them. (Id. at ¶¶ 29, 32, 33). Plaintiffs claim their leases with Defendant Ohana Communities contain a mediation provision. (Id. at ¶ 25(c)). Plaintiffs allege that Defendants refused to mediate their concerns about the presence of pesticides in the soil. (Id. at ¶ 41).

Plaintiffs claim they sustained damages including "overpayment of rent, future medical expenses, and medical monitoring of their health and the health of their family members." (Id. at ¶¶ 47, 68, 76, 86, 93, 104, 114, 125, 135).

Plaintiffs voluntarily withdrew Count II alleged in their

Complaint for tortious breach of contract. (Opposition at p. 13, ECF No. 16). Plaintiffs seek injunctive relief, general, special, treble, and consequential damages, fees and costs, disgorgement of profits, and punitive damages. (Complaint at pp. 22-23, ECF No. 1-4).

Defendants filed a Motion to Dismiss. (ECF No. 8). Defendants move to dismiss all claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendants also move to dismiss Plaintiffs' claims for Unfair and Deceptive Practices, Fraud, Intentional Misrepresentation, and Negligent Misrepresentation pursuant to Rule 9(b), alleging these claims were not pled with sufficient particularity.

## LEGAL STANDARDS

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted

inferences are insufficient to defeat a motion to dismiss. <u>Id.</u> at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  <u>AE ex rel. Hernandez v. Cnty of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).


**Rule 9(b) Heightened Pleading Standard for Fraud Claims**

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  <u>See</u> <u>Almaden v. Peninsula Mortg., Inc.</u>, 2012 WL 6738512, *3 (D. Haw. 2012).  Rule 9(b)

8

requires a party asserting a fraud claim to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The claim must be accompanied by the "who, what, when, where and how" of the misconduct charged. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation and quotation marks omitted). A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988). The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993)).

## <u>ANALYSIS</u>

### I. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Federal Rule of Evidence 201 allows a court to take judicial notice of public documents. <u>Almaden v. Peninsula Mortg., Inc.</u>, 2012 WL 6738512, *1, n.1 (D. Haw. 2012).

Federal Rule of Civil Procedure 12(b)(6) allows a court to accept and consider extrinsic materials offered in connection

with a motion to dismiss without converting the motion into one for summary judgment. <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1160 (9th Cir. 2012).

Defendants request the Court take judicial notice of two documents:

> (1)　The Hawaii Department of Health's "Technical Guidance Manual for the Implementation of the Hawaii State Contingency Plan," (Ex. A, ECF No. 9), and
>
> (2)　The Hawaii Department of Health's "Evaluation of Environmental Hazards at Sites with Contaminated Soil and Groundwater." (Ex. B, ECF No. 9).

Both documents are public records from the Hawaii Department of Health. Courts may take judicial notice of a state agency's public records. <u>Disabled Rights Action Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss (ECF No. 9) is **GRANTED.**

## II.　DEFENDANTS' MOTION TO DISMISS

### Count I: Breach of Contract

A breach of contract claim requires a plaintiff to identify: (1) the contract at issue; (2) the parties to the contract; (3) whether the plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by the defendant; (5) when and how the defendant allegedly breached the

contract; and (6) how the plaintiff was injured.  <u>Evergreen</u>
<u>Eng'rg, Inc. v. Green Energy Team LLC</u>, 884 F.Supp.2d 1049, 1059
(D. Haw. 2012).

## A.    Breach of Contract Claim Against Ohana Communities

Plaintiffs, in Count I of the Complaint, allege a claim for
breach of contract against Defendant Ohana Communities.  The
Complaint identifies the parties and the contracts at issue.  The
Complaint alleges the contracts at issue are the lease agreements
entered into between Plaintiffs and Defendant Ohana Communities
to lease military housing at Marine Corp Base Hawaii.  (Complaint
at ¶ 43, ECF No. 1-4).  Plaintiffs claim that they performed
under the contracts by paying rent.  (<u>Id.</u> at ¶¶ 44, 47).

Plaintiffs' Complaint states Defendant Ohana Communities
violated two particular provisions of their leases.  First, the
Complaint alleges Defendant Ohana Communities violated the lease
agreements by failing to provide safe and habitable housing.
(<u>Id.</u> at ¶¶ 45, 46(b); Lease at ¶ 12, ECF No. 17-1).  Second, the
Complaint asserts that Defendants failed to mediate with
Plaintiffs' concerns about the safety of the conditions at Marine
Corp Base Hawaii.  (Complaint at ¶ 46(d), ECF No. 1-4; Lease at ¶
34, ECF No. 17-1).

## 1.    Failure to Provide Safe and Habitable Housing

Plaintiffs claim their leases were breached when Defendant Ohana Communities failed to disclose the presence of pesticide-contaminated soils at Marine Corp Base Hawaii and exposed military families to increased risks of health problems. (Complaint at ¶¶ 39, 46(a)-(b), ECF No. 1-4). The class representatives provide the months and years that they began leasing their residences at Marine Corp Base Hawaii. (Id. at ¶¶ 6-9).

A breach of contract claim requires an allegation that the plaintiff suffered an injury. Nottage v. Bank of New York Mellon, 2012 WL 5305506, *8 (D. Haw. Oct. 25, 2012); see Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000). Plaintiffs sufficiently allege injuries for the breach of contract. Plaintiffs claim they overpaid rent as a result of the Defendant Ohana Communities' failure to provide safe and habitable housing. (Complaint at ¶ 39, ECF No. 1-4).

Defendants' Motion to Dismiss Count I for Breach of Contract to provide safe and habitable housing as to Defendant Ohana Communities is **DENIED**.

### 2. Failure to Mediate

The Complaint does not sufficiently state a claim for breach of contract based on Defendant Ohana Communities' failure to mediate. The Complaint does not state when Defendant Ohana

12

Communities failed to mediate with Plaintiffs. (Id. at ¶¶ 40-41). The Complaint does not provide the date when Plaintiffs requested a mediation or informed Defendant Ohana Communities that it was invoking the provision in their leases.

The Complaint does not identify the representatives they contacted from Defendant Ohana Communities. Plaintiffs do not provide any date when Defendant Ohana Communities allegedly refused to engage in mediation with them. Plaintiffs' claim against Ohana Communities with respect to their alleged breach of contract as to the mediation provision lacks particularity.

Defendants' Motion to Dismiss Count I for Breach of Contract for failure to mediate as to Defendant Ohana Communities is **GRANTED**.

Plaintiffs' claim for breach of contract for failure to mediate as to Defendant Ohana Communities, alleged in Count I of the Complaint, is **DISMISSED WITH LEAVE TO AMEND.**

### B. Breach of Contract Claim Against Forest City Management

Plaintiffs, in Count I of the Complaint, attempt to allege a claim for breach of contract against Defendant Forest City Management. (Complaint at ¶ 43, ECF No. 1-4).

Defendant Forest City Management is not a party to the Leases. (Lease at ¶ 1, ECF No. 17-1). The Leases explain that Defendant Forest City Management manages the property on behalf

13

of Defendant Ohana Communities.  (<u>Id.</u>)

The Complaint does not provide sufficient information about the relationship between Plaintiffs, Defendant Forest City Management, and Defendant Ohana Communities.  The Complaint does not state facts about any obligation Defendant Forest City Management has to Plaintiffs because of its relationship with Defendant Ohana Communities.  The provisions in the Lease identified by Plaintiffs do not refer to any obligations that Defendant Forest City Management has to Plaintiffs.  (<u>Id.</u> at ¶¶ 12, 34).  Plaintiffs have not alleged any other contract between themselves and Defendant Forest City Management.  Plaintiffs have not articulated a claim against Forest City Management for breach of contract.

Defendants' Motion to Dismiss Count I for Breach of Contract as to Defendant Forest City Management is **GRANTED.**

Plaintiffs' claim for breach of contract against Defendant Forest City Management, alleged in Count I of the Complaint, is **DISMISSED WITH LEAVE TO AMEND.**

**Count II: Tortious Breach of Contract**

Plaintiffs have withdrawn Count II for Tortious Breach of Contract.  (Opposition at p. 13, ECF No. 16).  Plaintiffs concede that the cause of action for tortious breach of contract is not recognized pursuant to Hawaii law.  <u>Francis v. Lee Enterprises,</u>

Inc., 971 P.2d 707, 717 (Haw. 1999).

Defendants' Motion to Dismiss Count II is **GRANTED.**

Plaintiffs' claim for tortious breach of contract, alleged in Count II of the Complaint, is **DISMISSED WITH PREJUDICE.**


**Count III: Breach of Warranty of Habitability**

A property owner breaches the implied warranty of habitability if he leases his property with a defect or unsafe condition that is "of a nature and kind which will render the premises unsafe, or unsanitary and thus unfit for living." Armstrong v. Cione, 736 P.2d 440, 445 (Haw. Ct. App. 1987); Lemle v. Breeden, 462 P.2d 470, 474 (Haw. 1969) (recognizing the doctrine of implied warranty of habitability and finding rat infestation of leased premises constituted a breach). The leased premises must be substantially unsuitable for living so that the breach of the warranty would constitute a constructive eviction of the tenant. Armstrong, 736 P.2d at 445.

**A.    Breach of Warranty of Habitability Claim Against Ohana Communities**

Plaintiffs' Complaint sufficiently alleges that Defendant Ohana Communities violated the doctrine of implied warranty of habitability. The Complaint alleges that Defendant Ohana Communities leased the premises it owned to Plaintiffs and the

15

premises contained unsafe conditions.  The Complaint states Defendants "failed to warn military families of pesticide-contaminated soils" and "knowingly and intentionally exposed military families at [Marine Corp Base Hawaii] to higher rates of cancer and other adverse health outcomes."  (Complaint at ¶ 39, ECF No. 1-4).  Plaintiffs' allegations are sufficient to state a claim for breach of warranty of habitability.

Defendants' Motion to Dismiss Count III as to Defendant Ohana Communities is **DENIED**.

**B.    Breach of Warranty of Habitability Claim Against Forest City Management**

Plaintiffs have not sufficiently alleged a claim for breach of warranty of habitability against Defendant Forest City Management.  Plaintiffs have not stated that Defendant Forest City Management was an owner of their residences or otherwise owed a duty to them sufficient to state a claim for breach of warranty of habitability.

Defendants' Motion to Dismiss Count III as to Defendant Forest City Management is **GRANTED**.

Plaintiffs' claim for breach of warranty of habitability against Defendant Forest City Management, alleged in Count III of the Complaint, is **DISMISSED WITH LEAVE TO AMEND**.

**Count IV: Violations of Hawaii Landlord-Tenant Code**

Plaintiffs, in Count IV of the Complaint, allege Defendants violated the Hawaii Landlord-Tenant Code, pursuant to Sections 521-10 and 521-42(a)(1) of the Hawaii Revised Statutes ("HRS"). The Hawaii Landlord-Tenant Code defines "landlord" as "the owner, lessor, sublessor, assigns or successors in interest of the dwelling unit or the building of which it is a part and in addition means any agent of the landlord." HRS § 521-8. Plaintiffs claim Defendant Ohana Military Communities is the owner of their residences at Marine Corp Base Hawaii and that Defendant Forest City Management is the agent.

## A. HRS § 521-10

HRS § 521-10 imposes a duty upon landlords and tenants to act in good faith.

Plaintiffs claim Defendants breached their duty to act in good faith when leasing the housing at Marine Corp Base Hawaii. Plaintiffs assert Defendants failed to disclose the soil at Marine Corp Base Hawaii was contaminated with pesticides. (Complaint at ¶¶ 73-74, ECF No. 1-4).

## B. HRS § 521-42(a)(1)

HRS § 521-42(a)(1) requires a landlord to "comply with all applicable building and housing laws materially affecting health and safety." HRS § 521-42(a)(1) is the Hawaii state statutory codification of the implied warranty of habitability.

Plaintiffs allege the Defendants breached their duty to

provide healthy and safe housing pursuant to the Hawaii Landlord-
Tenant Code.  (Complaint at ¶ 73, ECF No. 1-4).  The Complaint
states Defendants "intentionally and knowingly exposed Class
Plaintiffs and their families to increased health risks for
cancer and other adverse health outcomes without their knowledge
and against their will."  (Id.)

Plaintiffs have sufficiently stated a claim against
Defendants for violating Hawaii's Landlord-Tenant code pursuant
to HRS §§ 521-10, 42(a)(1).

Defendants' Motion to Dismiss Count IV for violating the
Hawaii Landlord-Tenant code is **DENIED.**

**Count V:  Unfair & Deceptive Trade Practices**

Plaintiffs allege that Defendants failed to disclose that
the soil at Marine Corp Base Hawaii was contaminated with
pesticides before leasing residences to the Plaintiff class.
Plaintiffs assert Defendants violated Hawaii's Unfair and
Deceptive Trade Practices Act ("UDAP"), HRS § 480-2, based on
these allegations.

Section 480-2 outlaws "unfair methods of competition and
unfair or deceptive acts or practices in the conduct of any trade
or commerce."  HRS § 480-2.  A practice is unfair when it
"offends established public policy and when the practice is
immoral, unethical, oppressive, unscrupulous or substantially

injurious to consumers." <u>Bathazar v. Verizon Haw., Inc.</u>, 123
P.3d 194, 202 (Haw. 2005).

An act is deceptive when it is (1) a representation,
omission, or practice that (2) is likely to mislead consumers
acting reasonably under the circumstances where (3) the
representation, omission, or practice is material. <u>In re
Kekauoha-Alisa</u>, 674 F.3d 1083, 1091 (9th Cir. 2012).

Only consumers, the attorney general, or the director of the
office of consumer protection may bring a UDAP claim. HRS § 480-
2(d). A consumer bringing a UDAP claim must allege: (1) a
violation of HRS § 480; (2) injury resulting from such violation;
and (3) damages. <u>Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n,
Inc.</u>, 148 P.3d 1179, 1215-16 (Haw. 2006); <u>In re Kekauoha-Alisa</u>,
674 F.3d at 1092; HRS § 480-13(b)(1). An injury must be "fairly
traceable to the defendant's actions." <u>Flores v. Rawlings Co.,
LLC</u>, 177 P.3d 341, 355 n.23 (Haw. 2008) (internal citation
omitted).

A UDAP claim alleging fraudulent business practices must be
pled with particularity, pursuant to Federal Rule of Civil
Procedure 9(b). <u>Smallwood v. Ncsoft Corp.</u>, 730 F.Supp.2d 1213,
1232-33 (D. Haw. 2010). Rule 9(b) requires a party asserting
fraud to "state with particularity the circumstances constituting
fraud." Fed. R. Civ. P. 9(b). The claim must be accompanied by
the "who, what, when, where and how" of the misconduct charged.

Kearns, 567 F.3d at 1125.

Plaintiffs sufficiently allege a claim against Defendants for violating Hawaii's UDAP statute. Plaintiffs allege that Defendants' actions were unfair and deceptive. Plaintiffs claim Defendants misled them when they failed to disclose that contaminated soils had been found at Marine Corp Base Hawaii. (Complaint at ¶ 81, ECF No. 1-4). Plaintiffs claim that Defendants did not disclose the presence of contaminated soils in order to "entice military families to enter leases." (Id. at ¶ 82). Plaintiffs assert that after entering into their leases, the Defendants provided the residents with a Community Handbook that "only contained a non-specific reference that chlordane and other pesticides 'may be found' throughout the United States rather than acknowledging pesticide-contaminated soils had been confirmed at [Marine Corp Base Hawaii]." (Id. at ¶ 36). Plaintiffs provide the dates when the class representatives signed their leases with Defendants. (Id. at ¶¶ 5-9, 24). The Complaint alleges Plaintiffs suffered injuries including overpayment of rent because of Defendants' unfair and deceptive practices. (Id. at ¶¶ 85-87).

Defendants' Motion to Dismiss Count V for unfair and deceptive trade practices is **DENIED**.


**Count VI: Negligence**

20

A successful negligence claim must satisfy the following
four elements: (1) a duty, or obligation, recognized by the law,
requiring the actor to conform to a certain standard of conduct,
for the protection of others against unreasonable risks; (2) a
failure on the actor's part to conform to the standard required;
(3) a reasonably close causal connection between the conduct and
the resulting injury; and (4) actual loss or damage resulting to
the interests of another.  Ono v. Applegate, 612 P.2d 533, 538
(Haw. 1980).

The Hawaii Intermediate Court of Appeals has explained that
the duty to warn against unusual hazards has long been recognized
as a source of tort liability.  Kajiya v. Dep't of Water Supply,
629 P.2d 635, 639 (Haw. Ct. App. 1981) (internal citation
omitted).  Pursuant to Hawaii law, one who is in control of "what
he knows or should know is a dangerous agency, which creates a
foreseeable peril to persons or property that is not readily
apparent to those endangered to the extent that it is reasonably
possible, one owes a duty to warn them of such potential danger."
Id. at 640.

## A.   Negligence for Failure to Warn

Plaintiffs allege that Defendants violated their duty to
warn against unusual hazards.  Plaintiffs claim Defendants were
in control of the housing at Marine Corp Base Hawaii and failed

to disclose that the soil was contaminated with pesticides and presented health risks. (Complaint at ¶¶ 90-91, ECF No. 1-4). Plaintiffs sufficiently state an injury based on "overpayment of rent." (Id. at ¶ 93).

Plaintiffs have stated a claim for negligence based on Defendants' alleged failure to warn Plaintiffs about the pesticide-contaminated soil. Defendants' Motion to Dismiss Count VI for negligence as to Defendants' failure to warn is **DENIED**.

### B. Negligence During Construction

The Complaint also contains allegations regarding Defendants' actions during construction at Marine Corp Base Hawaii. Plaintiffs claim that Defendants caused "substantial fugitive dust" during the demolition and construction of new housing. (Id. at ¶ 37). The Complaint does not provide sufficient information about when the construction took place. Plaintiffs do not identify the location of the construction or their proximity to the construction. The Complaint lacks particularity with respect to the events surrounding Defendants' construction projects. Plaintiffs have not sufficiently alleged a claim for negligence based on their exposure to dust created during Defendants' construction projects.

Defendants' Motion to Dismiss Count VI as to Plaintiffs' negligence claim based on Defendants' actions during construction

is **GRANTED**.

Plaintiffs' claim for negligence based on Defendants' actions during construction at Marine Corp Base Hawaii, alleged in Count VI of the Complaint, is **DISMISSED WITH LEAVE TO AMEND**.

**Count VII:       Negligent & Intentional Infliction of Emotional Distress**

**A.    Negligent Infliction of Emotional Distress**

The elements of a claim for negligent infliction of emotional distress ("NIED"), pursuant to Hawaii law, are: (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress. <u>Wood v. Greenberry Fin. Servs., Inc.</u>, 907 F.Supp.2d 1165, 1186 (D. Haw. 2012). An NIED claim is merely a negligence claim alleging a wholly psychic injury. Duty and breach of duty are essential elements of an NIED claim and are analyzed utilizing ordinary negligence principles. <u>Kahoohanohano v. Dep't of Human Servs.</u>, 178 P.3d 538, 582 (Haw. 2008).

Pursuant to HRS § 663-8.9, a party cannot bring an NIED claim "if the distress or disturbance arises solely out of damage to property or material objects," unless the emotional distress results in physical injury to or mental illness of the person who

23

experiences the emotional distress.  <u>Doe Parents No. 1 v. Dep't</u>
<u>of Educ.</u>, 58 P.3d 545, 580-81 (Haw. 2002).  Requiring physical
injury or mental illness as a predicate injury for an NIED claim
attempts to avoid the possibility of trivial or fraudulent claims
due to the subjective nature of assessing purely psychological
injury, while promoting the purpose of negligence law.  <u>Id.</u> at
579.

The Hawaii Supreme Court has carved out exceptions to the
predicate injury requirement in cases that provide "the requisite
assurance that plaintiff's psychological distress is trustworthy
and genuine."  <u>Doe Parents No. 1</u>, 58 P.3d at 581.  No physical
manifestation of a psychological injury is required for an NIED
claim where a reasonable person, normally constituted, would be
unable to adequately cope with the mental stress engendered by
the circumstances of the case.  <u>Kahoohanohano</u>, 178 P.3d at 582.

NIED claims have been permitted where a plaintiff alleged
exposure to HIV-positive blood.  <u>John & Jane Roes v. FHP, Inc.</u>,
985 P.2d 661, 668 (Haw. 1999).  Other claims have been permitted
based on the mishandling of a corpse and negligent placement of a
child in an environment with a child molester.  <u>Freeland v. Cnty</u>
<u>of Maui</u>, 2013 WL 6528831, *22 (D. Haw. Dec. 11, 2013).

The Complaint claims Plaintiffs suffered emotional distress
because they were exposed to carcinogens at Marine Corp Base
Hawaii because of Defendants' negligent conduct.  (Complaint at ¶

24

103, ECF No. 1-4).  A defendant may be liable for negligent infliction of emotional distress when he causes a plaintiff's exposure to a significant health risk.  <u>John & Jane Roes</u>, 985 P.2d at 668.  Plaintiffs have sufficiently pled a cause of action for NIED based on the allegations that Defendants exposed Plaintiffs to significant health risks.

Defendants' Motion to Dismiss Count VII for negligent infliction of emotional distress is **DENIED**.

## B.    Intentional Infliction of Emotional Distress

The elements of intentional infliction of emotional distress ("IIED") pursuant to Hawaii law, are: (1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.  <u>Enoka v. AIG Hawaii Ins. Co., Inc.</u>, 128 P.3d 850, 872 (Haw. 2006).

The term "outrageous" has been construed to mean "without just cause or excuse and beyond all bounds of decency."  <u>Id.</u> (citing <u>Lee v. Aiu</u>, 936 P.2d 655, 670 n.12 (Haw. 1997)).  Acting with tortious or criminal intent, or intent to inflict emotional distress, does not necessarily rise to the levels of outrageousness required for an IIED claim.  <u>Soone v. Kyo-Ya Co., Ltd.</u>, 353 F.Supp.2d 1107, 1116 (D. Haw. 2005) (citing <u>Ross v. Stouffer Hotel Co. Ltd.</u>, 879 P.2d 1037, 1048 (Haw. 1994)).

25

The term "extreme emotional distress" includes, "inter alia, mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions." Enoka, 128 P.3d at 872 (internal quotations omitted).

Plaintiffs have stated that Defendants' intentional and reckless actions caused "emotional distress" and "fear." (Complaint at ¶ 103, ECF No. 1-4). Knowingly exposing families to carcinogens and increased health risks may rise to the level of "outrageousness." The Complaint contains sufficient facts to state a claim for intentional infliction of emotional distress.

Defendants' Motion to Dismiss Count VII for intentional infliction of emotional distress is **DENIED**.

## Counts VIII and IX: Fraud, Intentional Misrepresentation and Negligent Misrepresentation

The elements of fraud or intentional misrepresentation, pursuant to Hawaii law, are: (1) false representations made by the defendant, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon them, and (4) plaintiff's detrimental reliance." Fisher v. Grove Farm Co., Inc., 230 P.3d 382, 403 (Haw. Ct. App. 2009) (citing Hawaii's Thousand Friends v. Anderson, 768 P.2d 1293, 1301 (Haw. 1989)); Wood v. Greenberry Financial Servs., Inc., 907 F.Supp.2d 1165, 1178 (D. Haw. 2012).

The elements of a negligent misrepresentation claim are: (1) false information that is supplied as a result of the failure to exercise reasonable care or competence in communicating information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation." Aana v. Pioneer Hi-Bred Intern., Inc., Civ. Nos. 12-0231, 12-0665LEK-BMK; 2014 WL 806224, *12 (D. Haw. Feb. 27, 2014).

Allegations of express fraud must meet the heightened pleading standard and require "specificity including an account of the time, place and specific content of the false representations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations and citations omitted).

In contrast, allegations of fraud by omission are not able "to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." Falk v. General Motors Corp., 496 F.Supp.2d 1088, 1098-99 (N.D. Cal. 2007). For fraud by omission claims, "the plaintiff may find alternative ways to plead the particular circumstances of the fraud. A plaintiff cannot plead either the specific time of the omission or the place in a fraud by omission claim, as he is not alleging an act, but a failure to act." Washington v. Baenziger, 673 F.Supp. 1478, 1482 (N.D. Cal. 1987) (international citations and quotations omitted).

## A.    Fraud By Omission

Plaintiffs have stated claims for fraud, intentional misrepresentation, and negligent misrepresentation based on Defendants' alleged failure to disclose that the soil at Marine Corp Base Hawaii was contaminated with pesticides.  Plaintiffs allege that Defendants had knowledge that Marine Corp Base Hawaii was contaminated with pesticides but did not inform Plaintiffs before they signed their leases.  (Complaint at ¶¶ 110, 121, ECF No. 1-4).  Plaintiffs claim Defendants either intentionally or negligently chose not to alert potential residents about the contamination.  (Id. at ¶¶ 111, 122).  Plaintiffs allege damages, including overpayment of rent, as a result of Defendants' omissions.  (Id. at ¶¶ 114, 125).

Defendants' Motion to Dismiss Counts VIII and IX for fraud, intentional misrepresentation, and negligent misrepresentation as to Defendants' failure to disclose pesticide contamination at Marine Corp Base Hawaii, is **DENIED**.

## B.    Fraud By Express Statements

The Complaint alleges that "Defendants have expressly represented that the housing they provide is safe and habitable for military families."  (Complaint at ¶¶ 109, 120, ECF No. 1-4). The Complaint states that "after entering leases with Class

Plaintiffs, Defendants asserted it is safe for families to work and play in their yards although they now admit that children and pets should <u>not</u> be allowed to play in the yards near old house foundations and that families should <u>not</u> grow fruits or vegetables in the yards near old house foundations." (<u>Id.</u> at ¶¶ 112, 123).

The Complaint does not provide sufficient facts to state a cause of action for fraud or misrepresentation based on Defendants' express statements to Plaintiffs. Plaintiffs do not differentiate between express statements made by Defendant Ohana Military Communities and Defendant Forest City Management. Rule 9(b) requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. <u>Swartz</u>, 476 F.3d at 765.

Plaintiffs do not describe the alleged statements made by either of the Defendants with particularity. The Complaint does not provide sufficient information about who made the representations and when and where the statements were made.

Defendants' Motion to Dismiss Counts VIII and IX as to Plaintiffs' claims for fraud, intentional misrepresentation, and negligent misrepresentation based on Defendants' express statements is **GRANTED**.

Plaintiffs' claims for fraud, intentional misrepresentation,

and negligent misrepresentation based on Defendants' express statements regarding the safety of the housing at Marine Corp Base Hawaii, alleged in Counts VIII and IX of the Complaint, are **DISMISSED WITH LEAVE TO AMEND.**

**Count X: Prima Facie Tort**

Plaintiffs, in Count X of their Complaint, allege that Defendants committed a prima facie tort. Defendants claim that Hawaii law does not recognize prima facie tort as a cause of action.

The Hawaii Supreme Court has not addressed the issue of whether prima facie tort is an actionable claim under Hawaii law. Metzler Contracting Co. LLC v. Stephens, Civ. No. 07-00261LEK, 2009 WL 1046666 (D. Haw. Apr. 17, 2009).

Plaintiffs rely on Giuliani v. Chuck, 620 P.2d 733, 738 (Haw. Ct. App. 1980) and Metzler Contracting Co. LLC v. Stephens, 2009 WL 1046666 (D. Haw. Apr. 17, 2009) to support their claim that prima facie tort is a recognized cause of action under Hawaii law.

In Giuliani, plaintiffs alleged that a defendant had intentionally and improperly refused to return their $1,000 housing deposit. The Hawaii Intermediate Court of Appeals held that the plaintiffs had sufficiently pled a cause of action, sounding in tort, for intentional harm to a property interest.

<u>Giuliani</u>, 620 P.2d at 738. The Court of Appeals, in recognizing the sufficiency of the plaintiffs' claim, relied on Section 871 of the Restatement Second of Torts. Section 871 provides:

> One who intentionally deprives another of his legally protected property interest or causes injury to the interest is subject to liability to the other if his conduct is generally culpable and not justifiable under the circumstances.

Restatement Second of Torts § 871 (1979).

In <u>Metzler</u>, the Hawaii federal district court discussed whether <u>Giuliani</u> supports finding that Hawaii law recognizes prima facie tort as a separate cause of action. The district court explained in <u>Metzler</u> that although <u>Giuliani</u> appears to cite Section 871 as a separate tort, no other Hawaii case cites <u>Giuliani</u> or Section 871 for that proposition. The <u>Metzler</u> court predicted that the Hawaii Supreme Court would only recognize a separate cause of action for prima facie tort under facts virtually identical to <u>Guiliani</u>, where no alternative well-recognized cause of action existed to remedy the alleged harm. <u>Metzler Contracting Co LLC</u>, 2009 WL 1046666, at *5 (finding prima facie tort cannot be pled as an alternative to a defamation claim).

The Complaint here does not provide distinct allegations for a claim for prima facie tort where no alternative cause of action exists. Plaintiffs pled the same facts and injuries for prima facie tort as their alternative well-recognized causes of action.

31

Plaintiffs' prima facie tort claim is futile. The circumstances of Plaintiffs' case would not give rise to a prima facie tort claim. Other well-recognized causes of action exist to remedy the alleged harm.

Defendants' Motion to Dismiss Count X is **GRANTED.**

Plaintiffs' claim for prima facie tort, alleged in Count X of the Complaint, is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

Defendants' Request for Judicial Notice in Support of their Motion to Dismiss (ECF No. 9) is **GRANTED.**

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc.'s Motion to Dismiss (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND.**

Plaintiffs may file an Amended Complaint by August 29, 2014. The Amended Complaint must conform to the rulings contained in this Order.

Plaintiffs voluntarily withdrew **Count II for Tortious Breach of Contract.**

Plaintiffs have stated the following claims:

Count I: **Breach of Contract For Failure to Provide Safe and Habitable Housing Against Defendant Ohana Communities**

Count III: **Breach of Warranty of Habitability Against Defendant Ohana Communities**

| Count IV: | Violations of Hawaii's Landlord-Tenant Code |
|---|---|
| Count V: | Unfair and Deceptive Trade Practices |
| Count VI: | Negligence for Failure to Warn |
| Count VII: | Negligent & Intentional Infliction of Emotional Distress |
| Count VIII & IX: | Fraud, Intentional Misrepresentation & Negligent Misrepresentation for Defendants' Fraud by Omission |

The Court's rulings as to each Defendant are as follows: The following claims are **DISMISSED WITH LEAVE TO AMEND** as to **both Defendants:**

| Count I: | Breach of Contract For Failure to Mediate |
|---|---|
| Count VI: | Negligence During Construction |
| Counts VIII & IX: | Fraud, Intentional Misrepresentation & Negligent Misrepresentation for Defendants' Express Statements |

The following claims are **DISMISSED WITH LEAVE TO AMEND** as to **Defendant Forest City Management**:

| Count I: | Breach of Contract |
|---|---|
| Count III: | Breach of Warranty of Habitability |

The following claim is **DISMISSED WITH PREJUDICE:**

Count X:        Prima Facie Tort


The Parties shall appear before Magistrate Judge Chang before October 15, 2014, in order to structure a mediation that is consistent with the mediation provision contained in the lease documents of the Parties.


IT IS SO ORDERED.


DATED:          Honolulu, Hawaii, July 15, 2014.



_/s/ Helen Gillmor_____

Helen Gillmor
United States District Judge

Cara Barber, Melissa Jones, Melissa Streeter, Katie Eckroth, on behalf of themselves and all others similarly situated, v. Ohana Military Communities, LLC; Forest City Residential Management, Inc.; Doe Defendants 1-10; Civ. No. 14-00217 HG-KSC; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS (ECF No. 8) WITH LEAVE TO AMEND and GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS (ECF No. 9)**
34