IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER; MELISSA JONES; MELISSA STREETER; KATIE ECKROTH, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; FOREST CITY RESIDENTIAL MANAGEMENT, INC.; DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL NO. 14-00217 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

## FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Before the Court is Plaintiffs' Motion for Class Certification, filed October 29, 2014. Defendants filed an Opposition on November 25, 2014. On December 2, 2014, Plaintiffs filed a Reply. This matter came on for hearing on December 16, 2014. Kyle Smith, Esq., and Terrance Revere, Esq., appeared on behalf of Plaintiffs. Lisa Munger, Esq., Randall Whattoff, Esq., and Christine Terada, Esq., appeared on

behalf of Defendants.  After careful consideration of the Motion, the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that the Motion be DENIED WITHOUT PREJUDICE.

In their Opposition, Defendants asserted that Plaintiffs lack standing with respect to contractual claims because they were/are not parties to the leases for military housing at Marine Corp Base Hawaii and that they lack standing to bring Hawaii Revised Statutes Chapter 480 claims because they are not "consumers" as defined by the statute.  At the hearing, Plaintiffs' counsel responded that Plaintiffs have standing because they have been allowed to proceed on their claims; that Plaintiffs have contractual standing as third party beneficiaries; and that they are consumers.  Plaintiffs' counsel suggested that any standing issues could be cured by amending the First Amended Complaint to add individuals who are parties to the leases.

"A named plaintiff cannot represent a class alleging . . . claims that the named plaintiff does not have standing to raise."  Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) (citing O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974)); Mazza v. Am. Honda Motor Co., 666 F.3d 581, 594 (9th Cir. 2012) ("[N]o class may be certified that contains members lacking Article III standing.").  That class members share other claims in common is not enough.  Hawkins, 251 F.3d at 1238.  The fact that a suit is a class action "adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  Lewis v. Casey, 518 U.S. 343, 357 (1996) (quotations and citations omitted).

Given the dispute about whether Plaintiffs have standing to assert certain claims, the Court recommends denial of this Motion without prejudice to refiling once the issues are resolved by the district judge.

Partial determination of this Motion would not serve judicial economy and this Court cannot certify a class with respect to all claims until standing is established.  Once the standing issues are resolved, Plaintiffs may reinstate this Motion, and the Court will address the matter expeditiously.

If the parties wish to engage in a status conference with the Court for the purpose of resolving the definition of the proposed class and narrowing the class claims, the parties should first meet and confer, then contact the Court to schedule a conference.

In accordance with the foregoing, the Court recommends denial without prejudice of Plaintiffs' Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, December 16, 2014.



Kevin S.C. Chang
United States Magistrate Judge

CV 14-00217 HG-KSC; BARBER, ET AL. V. OHANA MILITARY COMMUNITIES, LLC, ET AL.; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION