IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, RYAN ECKROTH, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>        vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; FOREST CITY RESIDENTIAL MANAGEMENT, INC.; DOE DEFENDANTS 1-10,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 14-00217 HG-KSC |

**ORDER GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFFS' FOURTH CLAIM IN THE SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (ECF No. 88)**

Plaintiffs are military families who have leased housing from Defendants at Marine Corp Base Hawaii. Plaintiffs claim Defendants did not disclose the presence of pesticides in the soil before leasing housing to the military families.

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. move to dismiss Count IV contained in the Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants

1

assert Plaintiffs lack standing to bring a claim pursuant to the Hawaii Unfair and Deceptive Trade Practices Act because Plaintiffs are not consumers and they have not purchased a good or service.

Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC's Motion to Dismiss Plaintiffs' Fourth Claim in the Second Amended Class Action Complaint for Damages and Injunctive Relief (ECF No. 88) is **GRANTED.**

## PROCEDURAL HISTORY

On April 3, 2014, Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, and Katie Eckroth, on behalf of themselves and all others similarly situated, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF No. 1-4).

On May 6, 2014, Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On May 13, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL

MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 8).

Also on May 13, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 9).

On June 26, 2014, a hearing was held on the Defendants' Motion to Dismiss and Request for Judicial Notice in Support of its Motion to Dismiss. (ECF No. 22).

On July 15, 2014, the Court issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE. (ECF No. 24). The Order permitted Plaintiffs to file an Amended Complaint by August 29, 2014. (Id. at p. 32). The Court also ordered the Parties to appear before the Magistrate Judge in order to structure a mediation consistent with the mediation provision contained in the lease documents of the Parties. (Id. at p. 34).

On August 29, 2014, Plaintiffs filed a FIRST AMENDED

CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF. (ECF No. 25).

On October 10, 2014, the Parties filed a JOINT STIPULATION REGARDING MEDIATION. (ECF No. 29).

On October 29, 2014, Plaintiffs filed a MOTION FOR CLASS CERTIFICATION. (ECF No. 32).

On December 18, 2014, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION. (ECF No. 51).

On January 8, 2015, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION. (ECF No. 70).

On January 20, 2015, Plaintiffs filed SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF. (ECF No. 76). The Second Amended Complaint added Bob Barker, Tim Jones, and Ryan Eckroth as named members of the Plaintiffs' Class. (Id.)

On February 19, 2015, Defendants filed DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFFS' FOURTH CLAIM IN THE SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF. (ECF No. 88).

On March 19, 2015, Plaintiffs filed PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH

CLAIM IN THE SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF.  (ECF No. 95).

On April 9, 2015, Defendants filed their Reply.  (ECF No.
98).

On April 24, 2015, Plaintiffs filed a Letter of
Previously Uncited Authorities.  (ECF No. 99).

Also on April 24, 2015, Defendants filed their Notice of
Supplemental Authorities.  (ECF No. 100).

On April 30, 2015, a hearing was held on Defendants'
Motion to Dismiss Claim IV.

## BACKGROUND

The representatives of the Plaintiffs' Class are military
services members or the spouses of military service members
who have leased private residential property at Marine Corp
Base Hawaii.  (Second Amended Class Action Complaint ("SAC")
at ¶¶ 5-9, ECF No. 76).  The Plaintiffs state that they are
class representatives that include "[a]ll former and present
persons who have leased or resided in residential property
from Ohana [Military Communities, LLC] at Marine Corp Base
Hawaii in Kaneohe, Hawaii, from 2006 to the present."  (Id. at
¶ 15).  The Complaint claims that the Plaintiffs' Class
"consists of thousands of current and former tenants."  (Id.
at ¶ 16).

Plaintiffs allege that Defendant Ohana Military
Communities, LLC ("Defendant Ohana Communities") is a private
corporation that owns the housing at Marine Corp Base Hawaii.
(Id. at ¶¶ 21-23).  Plaintiffs assert that Defendant Forest
City Residential Management, Inc. ("Defendant Forest City
Management") acts as the agent for Defendant Ohana Communities
and leases the private housing at Marine Corp Base Hawaii.
(Id. at ¶ 23).

Plaintiffs assert that before Defendants obtained the
housing at Marine Corp Base Hawaii in 2006, they had knowledge
that the soil was contaminated with pesticides and presented
health risks.  (Id. at ¶¶ 27-32).

Plaintiffs state that the United States Environmental
Protection Agency ("EPA") has formulated a system of
regulatory levels for assessing risk from pesticide residues
in soil.  (Id. at ¶ 29).  Plaintiffs claim that the Defendants
knowingly maintained the soil at Marine Corp Base Hawaii above
the recommended regulatory levels for pesticides as identified
by the EPA.  (Id. at 29, 31-36).

Plaintiffs allege the Defendants did not disclose the
presence of pesticide-contaminated soils before leasing
housing to them.  (Id. at ¶¶ 30, 36-37, 39).  Plaintiffs
assert that the presence of pesticide-contaminated soils at

6

Marine Corp Base Hawaii has presented increased health risks to them. (Id. at ¶¶ 29, 39).

Plaintiffs' Fourth Claim in their Second Amended Complaint alleges the Defendants violated the Hawaii Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. § 480-2, et seq. (SAC at ¶¶ 71-81). Plaintiffs claim that they are "consumers" pursuant to Haw. Rev. Stat. § 480-1, because they "have personally invested their resources to lease military housing from Defendants." (Id. at ¶ 73).

Defendants seek to dismiss Plaintiffs' Claim for Unfair and Deceptive Trade Practices pursuant to Haw. Rev. Stat. § 480. (ECF No. 88). Defendants assert Plaintiffs lack standing to bring a claim pursuant to Haw. Rev. Stat. § 480 because Plaintiffs are not "consumers" as they have not purchased a good or service, and they have not made a personal investment.

## LEGAL STANDARDS

A plaintiff has the burden of proving that subject matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Standing pertains to the court's subject matter jurisdiction and is analyzed pursuant to Fed. R. Civ. P.

12(b)(1).  <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy.  Fed. R. Civ. P. 12(b)(1); <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject matter jurisdiction may be "facial or factual."  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction.  <u>Id.</u>  A facial challenge, therefore, mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject matter jurisdiction.  <u>See</u> <u>White v. Lee</u>, 227 F.3d 1214, 1242

8

(9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

## ANALYSIS

I.  **Plaintiffs Lack Standing to Bring a Claim Pursuant to Hawaii's Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. § 480**

Standing is a critically important jurisdictional limitation. It is an essential and unchanging part of the case-or-controversy requirement of Article III of the United States Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Standing is gauged by the specific common law, statutory, or constitutional claims that a party presents and determines whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.  Int'l Primate Prot. League v. Adm'r. of Tulane Educ. Fund, 500 U.S. 72, 77 (1991).  A plaintiff must demonstrate standing for each claim and each form of relief sought.  Davis v. Fed. Elec. Comm'n, 554 U.S. 724, 734 (2008).

Plaintiffs' Second Amended Complaint states that the Defendants failed to disclose that the soil at Marine Corp Base Hawaii was contaminated with pesticides before leasing residences to the Plaintiffs' Class.  Count IV in Plaintiffs' Second Amended Complaint alleges that Defendants' actions were violations of Hawaii's Unfair or Deceptive Acts and Practices laws ("UDAP"), as provided in Haw. Rev. Stat. § 480.

Defendants assert that this Court should dismiss Count IV contained in Plaintiffs' Second Amended Complaint.  Defendants argue that Plaintiffs do not have standing to bring a claim pursuant to Haw. Rev. Stat. § 480.

Defendants bring a facial attack and argue that the allegations contained in the Second Amended Complaint as to Plaintiff's Count Four for Unfair and Deceptive Trade Practices are insufficient "on their face" to invoke

10

jurisdiction.  <u>Safe Air for Everyone</u>, 373 F.3d at 1039.  The
Court takes all allegations contained in the Second Amended
Complaint as true in order to determine whether Plaintiffs
have standing to bring a UDAP claim.  <u>Wolfe</u>, 392 F.3d at 362.

Section 480-2 of the Hawaii Revised Statutes outlaws
"unfair methods of competition and unfair or deceptive acts or
practices in the conduct of any trade or commerce."  Haw. Rev.
Stat. § 480-2.  Only consumers, the attorney general, or the
director of the office of consumer protection may bring a UDAP
claim.  HRS § 480-2(d); <u>Hawaii Med. Ass'n v. Hawaii Med. Serv.
Ass'n, Inc.</u>, 148 P.3d 1179, 1215-16 (Haw. 2006); HRS § 480-
13(b)(1).

The Hawaii state courts have repeatedly held that an
individual is not a consumer, and therefore has no standing to
sue pursuant to Haw. Rev. Stat. § 480-2, when that person has
not either:

(1)  purchased, attempted to purchase, or been solicited
     to purchase goods or services from the defendant, or

(2)  committed money, property, or services in a personal
     investment.

<u>Hough v. Pacific Ins. Co.</u>, 927 P.2d 858, 871-72 (Haw.
1996); <u>Hunt v. First Ins. Co. of Hawaii, Ltd.</u>, 922 P.2d 976,
986 (Haw. App. 1996); <u>see also</u> <u>Dalesandro v. Longs Drug Stores
Cal., Inc.</u>, 383 F.Supp.2d 1244, 1248 (D. Haw. 2005).

1. **Plaintiffs Are Not Consumers Because Their Transactions with Defendants Did Not Involve "Goods" or "Services"**

    A. **Real Estate and Residences Are Not "Goods" Pursuant to Haw. Rev. Stat. § 480**

In <u>Cieri v. Leticia Query Realty, Inc.</u>, 905 P.2d 29, 42 (Haw. 1995), the plaintiff brought a Hawaii state law claim for Unfair or Deceptive Acts and Practices ("UDAP"), pursuant to Haw. Rev. Stat. § 480. The plaintiff brought the claim against the seller of real property that they had purchased. On appeal to the Hawaii Supreme Court, the defendant argued that the plaintiff lacked standing to bring a UDAP claim, asserting real estate transactions were not transactions involving "goods" as defined by Hawaii law. 905 P.2d at 40.

The Hawaii Supreme Court agreed with the defendant on appeal. <u>Id.</u> The Hawaii Supreme Court relied upon the definition of "goods" as provided in Section 2-105 of the Hawaii Uniform Commercial Code in examining the plaintiff's UDAP claim. <u>Cieri</u>, 905 P.2d at 41.

Section 2-105(1) of the Hawaii Revised Statutes provides:

"Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the

12

section on goods to be severed from realty (section 490:2-107).

Haw. Rev. Stat. 490: 2-105(1). The Hawaii Supreme Court found that real estate and residences are not "goods" for purposes of bringing a UDAP claim. Cieri, 905 P.2d at 40-41. The appellate court held that the plaintiff lacked standing to bring a UDAP claim on the basis that the underlying real property transaction did not involve "goods." Id. at 41. The Hawaii Supreme Court explained that any reference to real estate or residences was "conspicuously absent" from the Hawaii Commercial Code's definition of "goods." Id. The Court reasoned that transactions for real estate and residences were not intended to be considered "goods" for a UDAP claim. Id.

Here, Plaintiffs have not purchased, attempted to purchase, or been solicited to purchase "goods" from Defendants. A lease of rental property does not involve the purchase of "goods" pursuant to Haw. Rev. Stat. § 480-1. Cieri, 905 P.2d at 41; see also Kona Hawaiian Assoc. v. Pacific Group, 680 F.Supp. 1438, 1453 (D. Haw. 1988) (finding that a real estate transaction involving the sale of a hotel is not a transaction involving goods or services).

    B.    Leases for Rental Property Are Not "Goods or "Services" Pursuant to Haw. Rev. Stat. § 480

13

Hawaii state courts have relied on the Hawaii Supreme Court's interpretation in <u>Cieri</u> and found that transactions involving leases of rental property do not involve either "goods" or "services" for purposes of bringing a UDAP claim pursuant to Haw. Rev. Stat. § 480. <u>Fernandez v. Mark Development, Inc.</u>, 262 P.3d 670, 2011 WL 5089808, *2 (Haw. App. Oct. 25, 2011); <u>Takayama v. Zera</u>, 2010 WL 973484, *5 (Haw. App. Mar. 18, 2010); <u>Smith v. Pink</u>, 2010 Haw. App. Lexis 150 (Haw. App. Apr. 15, 2010); <u>Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.</u>, 114 P.3d 929, 941 (Haw. App. 2005).

The Hawaii Intermediate Court of Appeals has held that a rental agreement is a transfer of real property for a specified term, and not a "service" pursuant to Haw. Rev. Stat. § 480-1. <u>Fernandez</u>, 2011 WL 5089808, *2 (Haw. App. Oct. 25, 2011).

Three State Supreme Courts analyzing consumer protection statutes that contain language similar to the Hawaii UDAP statute, have also found that leases for rental property are not transactions for "goods" or "services". <u>See</u> <u>Roberson v. Southwood Manor Assocs, LLC</u>, 249 P.3d 1059, 1062 (Alaska 2011); <u>Heritage Hills, Ltd. v. Deacon</u>, 551 N.E.2d 125, 128 (Ohio 1990); <u>see</u> <u>State v. Schwab</u>, 693 P.2d 108, 113-14 (Wash.

1985) (en banc).

Plaintiffs rely on a number of out-of-circuit and out-of-state opinions that involve consumer protection statutes that contain language distinct from the Hawaii UDAP statute. Most of the statutes Plaintiffs cite to explicitly provide for a cause of action that involves real property or rental property. The Hawaii Supreme Court found that the Hawaii legislature explicitly omitted any reference to real property in its statutes. Cieri, 905 P.2d at 41. Plaintiffs reliance on non-binding precedent and cases interpreting statutes from other jurisdictions is not persuasive.

> **a. Haw. Rev. Stat. § 521-74.5 of the Hawaii Landlord-Tenant Code Does Not Provide Plaintiffs with Standing to Bring a Cause of Action Pursuant to Haw. Rev. Stat. § 480-2**

Plaintiffs contend that the Hawaii state legislature intended for tenants with residential leases to have standing to bring a claim pursuant to Haw. Rev. Stat. § 480-2. Plaintiffs point to Haw Rev. Stat. § 521-74.5 of the Hawaii Landlord-Tenant Code as a basis for their argument.

Haw. Rev. Stat. § 521-74.5 expressly provides for claims pursuant to Haw. Rev. Stat. § 480-2 when the landlord interrupts the tenant's water, electricity, or other essential service in order to recover possession of the property.

Section 521-74.5 of the Hawaii Landlord-Tenant Code states:

> The landlord shall not recover or take possession of
> a dwelling unit by the wilful interruption or
> diminution of running water, hot water, or electric
> gas, or other essential service to the tenant
> contrary to the rental agreement or section 521-42,
> except in the case of abandonment or surrender.  A
> landlord who engages in **this act** shall be deemed to
> have engaged in an unfair method of competition or
> unfair and deceptive acts or practices in the
> conduct of any trade or commerce within the meaning
> of section 480-2; provided that in addition to the
> penalties available under section 480-3.1, there
> shall also be minimum damages of three times the
> monthly rent or $1,000, whichever is greater.

Haw. Rev. Stat. § 521-74.5 (emphasis added).

Haw. Rev. Stat. § 521-74.5 does not provide standing to
all tenants with residential leases to bring claims pursuant
to Haw. Rev. Stat. § 480-2.  The Hawaii legislature limited a
tenant's ability to bring a UDAP claim based on the specific
acts listed in the statute.  Haw. Rev. Stat. § 521-74.5 allows
tenants to bring § 480-2 claims only as to "this act" of
"wilful interruption or diminution of running water, hot
water, or electric gas, or other essential service to the
tenant."  Haw. Rev. Stat. § 521-74.5.

A basic principle of statutory construction is that a
negative inference may be drawn from the exclusion of language
from one statutory provision that is included in other
provisions of the same statute.  Barnhart v. Signmon Coal Co.,
Inc., 534 U.S. 438, 439-40 (2006.  In Russello v. United

16

_States_, 464 U.S. 12, 23 (1983), the United States Supreme Court explained that where a legislature includes particular language in one section of a statute but omits it in another section, it is generally presumed that the legislature acted intentionally and purposefully in the disparate inclusion or exclusion.

The exclusion of references to Haw. Rev. Stat. § 480 from any other provision of the Hawaii Landlord-Tenant Code demonstrates that the Hawaii legislature intended to limit the availability of UDAP claims to tenants with claims pursuant to Haw. Rev. Stat. § 521-74.5. _Russello_, 464 U.S. at 23. Where the Hawaii legislature wanted to provide tenants with the ability to bring UDAP claims in the Hawaii-Landlord Tenant Code, it did so explicitly. _Barnhart_, 534 U.S. at 452-53.

The allegations in the Second Amended Complaint do not claim that Plaintiffs' water, electricity, or other essential service were interrupted by the Defendants in order to recover possession as provided in Haw. Rev. Stat. § 521-74.5. Plaintiffs have not pled a claim pursuant to Haw. Rev. Stat. § 521-74.5 claim. The Hawaii Landlord-Tenant Code does not otherwise provide standing for a tenant to pursue a cause of action pursuant to Haw. Rev. Stat. § 480-2.

### b. The Amenities Provided as Part of the

17

**Plaintiffs' Leases Do Not Qualify as "Services"**
**Pursuant to Haw. Rev. Stat. § 480**

In their Opposition, Plaintiffs argue that their leases included "services" that provide them with standing to bring a claim pursuant to Haw. Rev. Stat. § 480-2. Plaintiffs point to the amenities that are provided as part of their leases such as housing services, home maintenance, lawn services, trash service, water and sewer services, community centers, parks, and customer service. (Pla's Opposition at pp. 11-14, ECF No. 95).

Plaintiffs have not pointed to any Hawaii cases that have found that leases for rental properties that include amenities confer the party with standing to bring a UDAP claim pursuant to Haw. Rev. Stat. § 480.[1] Hawaii state courts have repeatedly found that residential leases do not confer standing because they do not involve the purchase of a good or a service. <u>Takayama</u>, 2010 WL 973484, *5 (Haw. App. Mar. 18, 2010); <u>Smith</u>, 2010 Haw. App. Lexis 150, *3 (Haw. App. Apr. 15,

---

[1] The Hawaii state case cited by Plaintiffs is unpublished and non-citable pursuant to Haw. R. App. P. 35(c)(1) as it was issued before July 1, 2008. The case does not address the question of amenities as "services." The case is otherwise not persuasive as it did not address whether the lease involved a "good" or "service" and the issue of standing was not raised and not addressed. <u>Watase v. Kapihe</u>, 2008 WL 1904422, *2 (Haw. App. Apr. 30, 2008).

2010) (finding the plaintiffs lacked standing to bring a UDAP claim because their rental of the defendant's real property did not involve the purchase of a good or service).

The California Court of Appeals has directly examined Plaintiffs' argument regarding amenities that are included as a part of a tenant's lease. <u>Freeman v. United Dominion Realty Trust, Inc.</u>, 3008 WL 1838373, *9-10 (Cal. Ct. App. Cal. Rptr. 3d, May 6, 2008).

In <u>Freeman</u>, the plaintiff argued that he had standing to bring a claim pursuant to the California consumer protection statute because his residential lease included an array of services include maintenance, lawn services, and a swimming pool. The California appeals court held that the services included in the lease "were merely incidents of the landlord-tenant relations; they did not change the fundamental nature of the lease." <u>Id.</u> at *10. The California Court of Appeal held that the services provided by the landlord as part of the lease did not provide the plaintiff with standing as a "consumer" to sue pursuant to the California Consumer Legal Remedies Act. <u>Id.</u>

Just as in <u>Freeman</u>, the amenities included as part of Plaintiffs' leases are merely incidental to their leases and do not qualify as "services" to confer them with standing.

19

The allegations in Plaintiffs' Second Amended Complaint do not involve the services discussed in Plaintiffs' Opposition. Plaintiffs' allegations concern the failure of Defendants to inform the tenants of the presence of pesticides in the soil before Plaintiffs signed their leases. (See Second Amended Complaint at ¶¶ 26-36, 74-78). Plaintiffs do not allege that the Defendants' failed to provide the amenities as part of their lease agreements.

Here, Plaintiffs have not purchased, attempted to purchase, or been solicited to purchase "services" from Defendants within the meaning of Haw. Rev. Stat. § 480-1. Plaintiffs do not have standing to bring a UDAP claim.

2.    **Plaintiffs Are Not Consumers Because Their Transactions with Defendants Did Not Involve "Personal Investments" Pursuant to Haw. Rev. Stat. § 480**

Plaintiffs assert that even if their residential leases do not qualify as "goods" or "services", they allege in their Second Amended Complaint they are consumers because they have committed money, property, or services in a personal investment pursuant to Haw. Rev. Stat. § 480-1.

In Cieri, the Hawaii Supreme Court held that although the plaintiff's purchase of real property was not the purchase of a "good" for purposes of a UDAP claim, the plaintiff had

20

standing to bring a UDAP claim because he committed a personal investment when he purchased real property. 905 P.2d at 42-44. The Hawaii Supreme Court reasoned that because the purchase of a home is made with both an intent to reside on the property and an intent to hold the property in appreciation for its resale value, the plaintiff's purchase of real property qualified as a "personal investment" pursuant to Haw. Rev. Stat. § 480-1. Id. at 42.

The Hawaii Intermediate Court of Appeals has concluded that the rental of a residence does not include the same "personal investment" as the purchase of a residence. Fernandez, 2011 WL 5089808, *2. In Fernandez, the plaintiff argued that she made a personal investment because her rental contract included an option to purchase. The Hawaii appeals court held that because there was no evidence that the plaintiff's rental payments were applied toward the eventual option to purchase her unit and because she never exercised her option to buy the unit, she failed to demonstrate that she had made a personal investment. Id.; see McElroy, 114 P.3d at 942 (finding that improvements made to a leased commercial space did not constitute a "personal investment" for a UDAP claim).

Plaintiffs do not allege that they had any option to

21

purchase their units or that their lease agreements provided for anything other than monthly payments of rent. Monthly payments of rent pursuant to a lease do not constitute a personal investment for purposes of providing standing to bring a UDAP claim. <u>Fernandez</u>, 2011 WL 5089808, *2.

Just as in <u>Fernandez</u>, <u>Takayama</u>, and <u>Smith</u>, Plaintiffs here lack standing to bring a UDAP claim based on their leases for rental property. Plaintiffs are not "consumers" within the meaning of Haw. Rev. Stat. § 480-1 because their residential leases did not involve the purchase of "goods," "services," or "personal investments."

A district court may dismiss a claim without granting leave to amend where amendment would be futile. <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 656 F.3d 1034, 1041 (9th Cir. 2011). Here, it is clear that no amendment can cure the defects in Plaintiffs' Fourth Claim in their Complaint pursuant to Haw. Rev. Stat. § 480 and granting leave to amend would be futile.

## CONCLUSION

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc.'s Motion to Dismiss Plaintiffs' Fourth Claim in the Second Amended Class Action

Complaint for Damages and Injunctive Relief (ECF No. 88) is **GRANTED**.

Plaintiffs' Fourth Claim for Relief for Unfair & Deceptive Trade Practices pursuant to Haw. Rev. Stat. § 480 is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DATED: May 12, 2015, Honolulu, Hawaii.



_/s/ Helen Gillmor_____

Helen Gillmor
United States District Judge

Cara Barber, Melissa Jones, Melissa Streeter, Katie Eckroth, Bob Barber, Tim Jones, and Ryan Eckroth, on behalf of themselves and all others similarly situated, v. Ohana Military Communities, LLC; Forest City Residential Management, Inc.; Doe Defendants 1-10; Civ. No. 14-00217 HG-KSC; **ORDER GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFFS' FOURTH CLAIM IN THE SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (ECF No. 88)**