IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, RYAN ECKROTH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | CIVIL NO. 14-00217 HG-KSC |
| Plaintiffs, | ) ) |  |
| vs. | ) ) |  |
| OHANA MILITARY COMMUNITIES, LLC; FOREST CITY RESIDENTIAL MANAGEMENT, INC.; DOE DEFENDANTS 1-10, | ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

**ORDER DENYING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS OF THE SECOND AMENDED COMPLAINT (ECF No. 109)**

Plaintiffs are military families who have leased housing from Defendants at Marine Corps Base Hawaii. Plaintiffs claim that Defendants did not disclose that pesticides had been confirmed in the soil at Marine Corps Base Hawaii and required remediation. Plaintiffs claim that Defendants did not follow their own soil remediation plan and their construction efforts exposed Plaintiffs to visible dust at Marine Corps Base Hawaii while they were tenants in Defendants' housing.

1

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. move for summary judgment. Defendants claim that expert testimony is required for Plaintiffs to prevail at trial and Plaintiffs did not disclose any expert witnesses by the deadline provided in the Scheduling Order.

Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC's Motion for Summary Judgment (ECF No. 109) is **DENIED**.

## PROCEDURAL HISTORY

On April 3, 2014, Plaintiffs Cara Barber, Melissa Jones, Melissa Streeter, and Katie Eckroth, on behalf of themselves and all others similarly situated, filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendants' Notice of Removal, ECF No. 1-4).

On May 6, 2014, Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc. removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On May 13, 2014, Defendants filed "DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, LLC'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 8).

Also on May 13, 2014, Defendants filed "DEFENDANTS OHANA

2

MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES." (ECF No. 9).

On June 26, 2014, a hearing was held on the Defendants' Motion to Dismiss and Request for Judicial Notice in Support of their Motion to Dismiss. (ECF No. 22).

On July 15, 2014, the Court issued an ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S REQUEST FOR JUDICIAL NOTICE. (ECF No. 24). The Order permitted Plaintiffs to file an Amended Complaint by August 29, 2014. (Id. at p. 32). The Court also ordered the Parties to appear before the Magistrate Judge in order to structure a mediation consistent with the mediation provision contained in the lease documents of the Parties. (Id. at p. 34).

On August 29, 2014, Plaintiffs filed a FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF. (ECF No. 25).

On October 10, 2014, the Parties filed a JOINT STIPULATION REGARDING MEDIATION. (ECF No. 29).

On October 29, 2014, Plaintiffs filed a MOTION FOR CLASS CERTIFICATION. (ECF No. 32).

On December 18, 2014, the Magistrate Judge issued FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION.  (ECF No. 51).

On January 8, 2015, the Court issued an ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION.  (ECF No. 70).

On January 20, 2015, Plaintiffs filed a SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF.  (ECF No. 76). The Second Amended Complaint added Bob Barker, Tim Jones, and Ryan Eckroth as named members of the Plaintiffs' Class.  (Id.)

On February 19, 2015, Defendants filed DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFFS' FOURTH CLAIM IN THE SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF.  (ECF No. 88).

On April 30, 2015, a hearing was held on Defendants' Motion to Dismiss Claim IV.  (ECF No. 102).

On May 12, 2015, the Court issued an ORDER GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFFS' FOURTH CLAIM IN THE SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF.  (ECF No. 104).

On June 1, 2015, Defendants filed DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS OF THE SECOND

AMENDED COMPLAINT (ECF No. 109) along with their CONCISE
STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS OHANA MILITARY
COMMUNITIES, LLC, AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT. (ECF No. 110).

On June 15, 2015, Plaintiffs sent an e-mail requesting
additional time to file their Opposition to Defendants' Motion
for Summary Judgment. (ECF No. 132).

On the same date, the Court issued a Minute Order granting
Plaintiffs' request for additional time to file their Opposition.
(ECF No. 133).

On June 17, 2015, Plaintiffs filed PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS
OF THE SECOND AMENDED COMPLAINT (ECF No. 140) along with
PLAINTIFFS' CONCISE STATEMENT OF FACTS IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL REMAINING COUNTS
OF THE SECOND AMENDED COMPLAINT. (ECF No. 141).

On July 1, 2015, Defendants filed their REPLY MEMORANDUM IN
SUPPORT OF DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST
CITY RESIDENTIAL MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT
ON ALL REMAINING COUNTS OF THE SECOND AMENDED COMPLAINT. (ECF
No. 160).

On July 7, 2015, the Parties' STIPULATION AND ORDER FOR
PARTIAL DISMISSAL WITH PREJUDICE OF SIXTH CLAIM AGAINST
DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY

RESIDENTIAL MANAGEMENT, INC. AS TO NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS was entered. (ECF No. 164).

On July 8, 2015, a hearing was held on Defendants' Motion for Summary Judgment.

## BACKGROUND

**The Parties**

The Plaintiffs are military service members or the spouses of military service members who have leased or resided in private residential housing at Marine Corps Base Hawaii. (Second Amended Complaint at ¶¶ 5-9, ECF No. 76). The Plaintiffs state that they are seeking to be class representatives that include "[a]ll former and present persons who have leased or resided in residential property from Ohana [Military Communities, LLC] at Marine Corps Base Hawaii in Kaneohe, Hawaii, from 2006 to the present." (Id. at ¶ 15).

Plaintiffs have not received class certification.

Plaintiffs state that Defendant Ohana Military Communities, LLC ("Defendant Ohana Military Communities") is a private corporation that has leased real property at Marine Corps Base Hawaii. (Id. at ¶¶ 21-23). Defendant Ohana Military Communities leased the property from the military in order to develop Marine Corps Base Hawaii housing and rent the housing to military families. (Id.; see Def.'s Concise Statement of Facts at ¶¶ 18-

6

20, ECF No. 110).

Plaintiffs assert that Defendant Forest City Residential Management, Inc. ("Defendant Forest City Management") acts as the agent for Defendant Ohana Communities and manages their housing at Marine Corps Base Hawaii. (Second Amended Complaint at ¶ 23, ECF No. 76).

## Undisputed Facts Regarding Presence of Pesticides at Marine Corps Base Hawaii

In the 1990's, the military began a construction program at Marine Corps Base Hawaii to address its housing inventory. (Declaration of Dennis Poma ("Poma Decl.") at ¶¶ 6, 9, attached to Def.'s Motion for Summary Judgment, ECF No. 110-2). The military's plan called for the demolition of old housing along with the construction of new housing. (Id.)

The Parties agree that the military was aware of the presence of organo-chlorinated pesticides in the soil at Marine Corps Base Hawaii when it implemented its construction program. (Id. at ¶¶ 10, 14).

The United States Environmental Protection Agency has banned the use of organo-chlorinated pesticides and created a regulatory scheme to address pesticide usage and remediation. 40 C.F.R. §§ 150 et seq.; 40 C.F.R. § 300.400 et seq.; 37 Fed. Reg. 13369-13376 (July 7, 1972); 53 Fed. Reg. 11798 (Apr. 8, 1988).

In or around 2004, Defendant Ohana Military Communities

began developing the housing at Marine Corps Base Hawaii and built its own neighborhoods over the next several years. (Id. at ¶¶ 14, 16).

Plaintiffs began leasing housing from Defendants in 2006. (Second Amended Complaint at ¶ 15, ECF No. 76).

Between 2004 and 2007, Defendant Ohana Military Communities contracted with a private environmental consulting company, Parsons Corporation, to create a Pesticide Soils Management Plan. (Poma Decl. at ¶ 14, ECF No. 110-2). The Pesticide Soils Management Plan was created to address the presence of pesticides in the soil at Marine Corps Base Hawaii. (Id.; Final Pesticide Soils Management Plan dated February 2007, attached as Ex. I to Def.'s Motion for Summary Judgment, ECF No. 110-11).

The Pesticide Soils Management Plan compared soil sampling from Marine Corps Base Hawaii to screening levels developed by the Hawaii Department of Health to evaluate potential risks to humans or the environment. (Final Pesticide Soils Management Plan at p. 10, Ex. I, ECF No. 110-11).

The Pesticide Soils Management Plan found that pesticides were present in the soils in and around the majority of the Marine Corps Base Hawaii housing complexes. (Final Pesticide Soils Management Plan at p. 14-20, ECF No. 110-11). The Plan stated that there were pesticides that exceeded the primary and site-specific screening levels developed by the Hawaii Department

8

of Health to evaluate potential risks to humans or the
environment. (Final Pesticide Soils Management Plan at p. 14-20,
ECF No. 110-11; Poma Decl. at ¶¶ 17-18, ECF No. 110-2).

The Pesticide Soils Management Plan required the soil
exceeding the site-specific screening levels to be removed or
covered with sufficient amounts of clean soil or pavement.
(Final Pesticides Soils Management Plan at pp. 22-24, ECF No.
110-11; Poma Decl. at ¶¶ 17-18, ECF No. 110-2).

The Pesticide Soils Management Plan provided for measures to
be put in place to mitigate hazards that would be created during
remediation of the soil. (Final Pesticide Soils Management Plan
at p. 21-27, 28, ECF No. 110-11). The Plan established
procedures to control "fugitive dust from impacted soils" during
the demolition of old housing and the building of new housing at
Marine Corps Base Hawaii. (Id. at pp. 28-29).

**Disputed Facts Regarding the Presence of Pesticides at Marine
Corps Base Hawaii**

Plaintiffs dispute Defendants' claim that the Defendants
followed the remediation provisions stated in the Pesticide Soils
Management Plan. (Pla.'s Concise Statement of Facts ¶ 21, ECF
No. 141). Plaintiffs assert that Defendants violated the
mandates of the Pesticide Soils Management Plan. (Opposition at
p. 13, ECF No. 140). Plaintiffs state that the Plan mandated
that "no visible dust" should occur during construction. (Id.)

Plaintiffs assert they were exposed to visible, excessive, fugitive dust during construction and demolition of housing while Plaintiffs were Defendants' tenants at Marine Corps Base Hawaii. (Second Amended Complaint at ¶ 38(b), ECF No. 76).

Plaintiffs claim that Defendants never disclosed the Plan to Plaintiffs and never disclosed that the Plan confirmed that pesticide-contaminated soil had been found in and around the housing at Marine Corps Base Hawaii. (Opposition at p. 13, ECF No. 140; Second Amended Complaint at ¶ 30, 38(b), ECF No. 76).

**Parties' Claims Regarding Expert Testimony**

The Parties agree that December 8, 2014 was the deadline for Plaintiffs to file expert disclosures pursuant to the Rule 16 Scheduling Order and that Plaintiffs did not submit any expert disclosures by that date. (Rule 16 Scheduling Order dated June 9, 2014, ECF No. 19; Pla.'s Concise Statement of Facts at ¶ 24, ECF No. 141).

The Parties agree that Plaintiffs only submitted expert reports in rebuttal to Defendants' expert reports. (Pla.'s Concise Statement of Facts at ¶ 29, ECF No. 141).

Defendants move for summary judgment, claiming that Plaintiffs' causes of action cannot proceed at trial as they require expert testimony. (Def.'s Motion for Summary Judgment at pp. 23-26, ECF No. 109-1). Defendants also claim that expert

testimony is required to prove damages.  (<u>Id.</u> at p. 28).

Plaintiffs assert that expert testimony is not required to meet their burden of proof or to prove damages.  (Pla.'s Opp. at p. 8-18, 20-29, ECF No. 140).

## **LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©.  To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  <u>Celotex</u>, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material

fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  <u>Id.</u>

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Brinson v. Linda Rose Joint Venture</u>, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630.  The opposing party cannot rest on mere

allegations or denials.  Fed. R. Civ. P. 56(e); <u>Gasaway v.</u>
<u>Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir.
1994).  When the non-moving party relies only on its own
affidavits to oppose summary judgment, it cannot rely on
conclusory allegations unsupported by factual data to create an
issue of material fact.  <u>Hansen v. United States</u>, 7 F.3d 137, 138
(9th Cir. 1993); <u>see also National Steel Corp. v. Golden Eagle</u>
<u>Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

A party moving for summary judgment who does not have the
ultimate burden of proof at trial may prevail on summary judgment
if it can show that the nonmoving party does not have enough
evidence of an essential element to carry its ultimate burden of
persuasion at trial.  <u>Nissan Fire & Marine Ins. Co. v. Fritz</u>
<u>Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000); <u>Moore's Fed. Practice</u>
<u>3d</u> § 56.40[1][b][iii].

Defendants seek summary judgment in their favor, claiming
that Plaintiffs are unable to carry their burden at trial without
expert testimony.  The Parties agree that Plaintiffs did not
submit an expert witness disclosure by the deadline provided in
the Rule 16 Scheduling Order.  (Pla.'s Concise Statement of Facts
at ¶ 24, ECF No. 141).

Defendants have not demonstrated that they are entitled to

summary judgment based on a lack of expert testimony.

## I. Defendants Have Not Established that Expert Testimony Is Required for Plaintiffs to Meet their Prima Facie Burden

Expert testimony may be admissible if the expert's scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue.  Fed. R. Evid. 702(a); Pyramid Tech., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 813 (9th Cir. 2014).

The Parties dispute, as a matter of law, if expert testimony is required for Plaintiffs to meet their prima facie burden for their state law substantive claims.

The Court must evaluate Hawaii state substantive law to determine if expert testimony is required.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938); see Pyramid Tech., Inc., 752 F.3d at 818.

### A. Hawaii Law Only Requires Expert Testimony in Limited Circumstances

In the case before the Court, Plaintiffs have brought contractual, statutory, and tort causes of action.  There are six state law causes of action remaining in Plaintiffs' Second Amended Complaint:

Count I for Breach of Contract against Ohana Military Communities, LLC;

**Count II** for Breach of Implied Warranty of Habitability against Ohana Military Communities, LLC;

**Count III** for Violations of the Hawaii Landlord-Tenant Code against Ohana Military Communities, LLC and Forest City Residential Management, Inc.;

**Count V** for Negligent Failure to Warn against Ohana Military Communities, LLC and Forest City Residential Management, Inc.;

**Count VII** for Fraud by Omission and Express Statements against Ohana Military Communities, LLC and Forest City Residential Management, Inc.;

**Count VIII** for Negligent Misrepresentation by Omission & Express Statements against Ohana Military Communities, LLC and Forest City Residential Management, Inc.[1]

(Second Amended Complaint at pp. 17-36, ECF No. 76).

Under Hawaii law a plaintiff is only required to provide expert testimony to establish his prima facie case in limited circumstances.

Expert testimony is not required in an ordinary negligence case. Hawaii law provides that in an ordinary negligence case, the jury can determine whether there has been a breach of defendant's duty to the plaintiff on the basis of their everyday

---

[1] Count IV was dismissed in the Order Granting Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc.'s Motion to Dismiss Plaintiffs' Fourth Claim in the Second Amended Class Action Complaint for Damages and Injunctive Relief, ECF No. 104.

Count VI was dismissed by the Stipulation and Order for Partial Dismissal with Prejudice of Sixth Claim against Defendants Ohana Military Communities, LLC and Forest City Residential Management, Inc. as to Negligent & Intentional Infliction of Emotional Distress, ECF No. 164).

experience, observations, and judgment.  <u>Exotics Hawaii-Kona,</u>
<u>Inc. v. E.I. DuPont De Nemours & Co.</u>, 172 P.3d 1021, 1043-44
(Haw. 2007) (citing <u>Bernard v. Char</u>, 903 P.2d 676, 682 (Haw. App.
1995)).

The Hawaii Supreme Court has found that an ordinary
negligence case will not require expert opinion evidence to
delineate acceptable from unacceptable standards of care.  <u>Id.</u>

Here, Plaintiffs' negligence causes of action do not require
expert testimony for Plaintiffs to establish a prima facie case.

Defendants rely on medical malpractice cases in support of
their Motion for Summary Judgment.  Hawaii courts have found that
expert testimony is required in most medical malpractice cases.
<u>Barbee v. Queen's Medical Center</u>, 194 P.3d 1098, 1120 (Haw. App.
2008); <u>see</u> <u>Domingo v. T.K., M.D.</u>, 289 F.3d 600, 607 (9th Cir.
2002).  Defendants' reliance on medical malpractice cases is
unpersuasive in the case before the Court.  Plaintiffs have not
brought a medical malpractice claim.  Hawaii courts treat
ordinary negligence cases differently from medical malpractice
negligence cases and apply different standards.  <u>Casper v.</u>
<u>Ayasanonda</u>, 334 P.3d 777, *3-6 (Haw. App. 2014).

One of the principal claims made by Plaintiffs in their
negligence causes of action is that Defendants breached their
duty to Plaintiffs when they failed to remediate the soil as
provided in their Pesticide Soils Management Plan.  Plaintiffs

allege Defendants' remediation and construction caused visible dust while Plaintiffs were tenants at Marine Corps Base Hawaii. (Second Amended Complaint at ¶ 35(c), 38(b), ECF No. 76).

Plaintiffs are able to present their own testimony that visible dust occurred during Defendants' construction while Plaintiffs were tenants at Marine Corps Base Hawaii. Nothing in Hawaii state law requires an expert opinion in such circumstances. Yoneda v. Tom, 133 P.3d 796, 814 (Haw. 2006) (finding that eyewitness testimony was sufficient to defeat a motion for summary judgment and expert testimony was not required to sustain the plaintiff's negligence cause of action).

Other courts have found that expert testimony is not required to prove negligence where a plaintiff shows facts and conditions from which negligence may be reasonably inferred. See NBTY, Inc. v. Southwest Forest Products, Inc., 2013 WL 5651564, *2 (C.D. Cal. Oct. 15, 2013) (finding that expert testimony is not necessarily required to demonstrate causation in "mold" cases).

Here, the jury is able to evaluate Plaintiffs' negligence causes of action, as well as their additional causes of action, on the basis of their everyday experience, observations, and judgment.

Defendants have not demonstrated that they are entitled to summary judgment based on Plaintiffs' lack of expert witnesses

for their case-in-chief.

**B.    Plaintiffs May Establish Damages Without Expert Testimony**

The Defendants also argue that they are entitled to summary judgment because Plaintiffs have not provided a damages expert.

The Court agrees with Defendants that Plaintiffs are not entitled to a "windfall" of damages and that "damages to be awarded should be such as adequately to compensate the actual loss or injury sustained." Ferreira v. Honolulu Star-Bulletin, Limited, 356 P.2d 651, 656 (Haw. 1960).

Defendants have not demonstrated that Plaintiffs are unable to present evidence from which damages could reasonably be determined.

Defendants rely on cases from Maryland and New Jersey for their proposition that "the effect of contamination on a property's value is ordinarily beyond common knowledge and therefore requires expert testimony." (Def.'s Motion at p. 30, ECF No. 109-1).

Hawaii state courts have ruled to the contrary. The Hawaii Intermediate Court of Appeals recently found that expert testimony is not required to establish perceived dimunition in property value. Uy v. Spencer Homes, Inc., 2015 WL 3476441, *21 (Haw. App. May 29, 2015). In Uy, the plaintiffs sought to recover damages after a water tanker truck rolled down a hill,

18

onto their property, and into their rock wall and home. <u>Id.</u> at *2. The plaintiffs brought multiple causes of action, including negligence, and sought compensation for the dimunition in the value of their property based on the theory of "stigma damages." <u>Id.</u> at *20. At trial, the plaintiffs testified that they tried to sell their home after the accident but were unable to obtain its full value because it "suffered a permanent stigma from being cracked open by a water tanker truck." <u>Id.</u> at *20.

The circuit court granted a directed verdict in favor of the defendants because there were "no experts or appraisers" or other opinion as to the amount of stigma that existed or the methods used to determine stigma. <u>Id.</u>

On appeal, the Hawaii Intermediate Court of Appeals found that expert testimony was not required to send the issue to the jury. <u>Id.</u> at *21. The Hawaii appellate court found that a plaintiff may recover "stigma damages" if there is "convincing evidence that the defendant caused injury to the plaintiff's real property, and remediation will not return the value of the property to its prior level because of a lingering negative public perception." <u>Id.</u> The appeals court explained that expert testimony is not required to calculate stigma damages and that "the best available evidence" is sufficient to send the issue to the jury. <u>Id.</u>

Stigma damages are not an issue in this case, but the Hawaii

Intermediate Court of Appeals' reasoning in Uy is instructive. The Hawaii appellate court found that expert testimony is not required to determine damages when there is an issue regarding the lowered value of real property. Uy supports Plaintiffs' position that Hawaii law allows a jury to calculate damages based on the best evidence available and does not require expert testimony to evaluate dimunition in a property's value. Id.

The Hawaii Supreme Court's decision in Campbell v. Animal Quarantine Station, 632 P.2d 1066, 1070 (Haw. 1981) provides further support for Plaintiffs' position that expert testimony is not required in this case. In Campbell, the plaintiffs prevailed on their negligence claim against the State when plaintiffs' dog died while in the State's Animal Quarantine Station. Id. at 1067. Plaintiffs sought damages for emotional distress suffered as a result of the loss of the dog. Id. None of the plaintiffs sought psychiatric of medical assistance as a result of the emotional distress they suffered and no medical evidence was presented at trial. Id. The trial court awarded plaintiffs damages for emotional distress. Id.

On appeal to the Hawaii Supreme Court, the State argued that the trial court erred in ruling that medical expert testimony was not required to award plaintiffs damages for emotional distress. Id. The appellate court found that the trial court properly found that expert testimony was not required. Id. at 1070-71.

The Hawaii Supreme Court explained that "[m]edical proof can be offered to assist in proving the 'seriousness' of the claim and the extent of recovery, but should not be a requirement allowing or barring the cause of action." Id. at 1071.

The Plaintiffs point to the holding in Cazares v. Ortiz, 168 Cal. Rptr. 108, *29, *33 (Cal. App. Dep't Super. Ct. 1980) in support of their position that expert testimony is not required to calculate damages in this case. In Cazares, the California Appellate Department held that expert testimony was not required to calculate damages in a case for breach of warranty of habitability. Id. The California court held that the trier of fact could adequately calculate damages by considering testimony from the plaintiff to determine the percentage of loss of usability of the property and subtract it from the rent. Id. The Court finds the analysis in Cazares persuasive.

Defendants have not established that they are entitled to summary judgment due to Plaintiffs' lack of expert testimony.

Defendants' Motion for Summary Judgment(ECF No. 109) is **DENIED**.

## CONCLUSION

Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc.'s Motion for Summary Judgment on All Remaining Counts of the Second Amended Class Action Complaint

(ECF No. 109) is **DENIED**.

IT IS SO ORDERED.

DATED:        Honolulu, Hawaii, July 9, 2015.



                    /s/ Helen Gillmor

                Helen Gillmor
                United States District Judge