IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, and RYAN ECKROTH On Behalf of Themselves and All Others Similarly Situated,<br><br>        Class Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIV NO 14-00217 HG-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

On June 6, 2016, Defendants Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC, successor by conversion to Forest City Residential Management, Inc. (collectively, "Defendants"), filed a Motion for Preliminary Injunction and Order to Show Cause (the "Motion") to prevent Plaintiff Cara Barber ("Plaintiff") and her counsel from continuing to cause substantial, irreparable harm to Defendants. [ECF 261.] Plaintiff filed her Opposition to the Motion on July 14, 2016 (the "Opposition"). [ECF 299.]

1

Plaintiff's Opposition contained only three exhibits. [See ECF 299-1 through 299-3.] On July 29, 2016, however, Plaintiff produced and identified 38 documents as her proposed exhibits for the evidentiary hearing. [See ECF 314.]

Plaintiff's proposed exhibits consist of 936 pages of documents that (1) were, in many instances, not produced during discovery in the underlying litigation and (2) were, with one exception, neither disclosed nor discussed in the motions to be addressed at the Evidentiary Hearing.[1] These late-disclosed exhibits should be excluded from evidence in the present case.

First, the late-disclosed exhibits should be excluded because Plaintiff failed to identify, disclose, or provide them during the course of motion briefing. Allowing Plaintiff's late production would substantially prejudice Defendants because it would deny Defendants an opportunity to properly review and address Plaintiff's 936-pages of proposed exhibits. Moreover, it appears that some of the documents that Plaintiff currently seeks to introduce as exhibits were not produced during the prior litigation (they lack bates stamps, among other issues), despite having been requested by the Defendants during discovery.[2]

---

[1] Plaintiff's proposed Exhibit 22 was attached as Exhibit 2 to Plaintiff's Opposition.

[2] Fed. R. Civ. P. Rule 37(c)(1) (A party that fails to disclose information "required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence

Second, the majority of Plaintiff's proposed exhibits should also be excluded for a variety of basic evidentiary reasons. For instance, two of Plaintiff's exhibits appear to have been modified from their original format, as evidenced by the strange formatting and code artifacts present within and replacing the text of Plaintiff's exhibits (likely as a result of some form of optical character recognition). See Plaintiff's Exhibits 2 and 4. These modifications show that, at minimum, the documents are no longer identical to the original version that was scanned. See, e.g., Plaintiff's Exhibit 2 at pp 28-29. It is unclear if these documents were further modified and/or manipulated, but these changes preclude their admissibility based on lack of authenticity and reliability. The following chart details Defendants' specific objections to Plaintiff's individual exhibits.

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| 1 | 1999.9.22.orange apartments lawsuit against FC 1999 | **Relevance.** Fed. R. Evid. 401, 402. This article relates to 1999 lawsuit brought by construction workers employed in Orange, California against Forest City Enterprises, Red Line Construction, and other entities. The 1999 lawsuit has nothing to do with military housing, Hawai'i, or Organo-Chlorinated Pesticides. There is no indication of how the lawsuit was resolved. |

at a trial, at a hearing, or on a motion any witness or information not so disclosed"); see also *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (the exclusionary sanctions of Rule 37 are "self-executing" and "automatic") (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)).

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | **Not Produced During Discovery.** Fed. R. Civ. P. 37(c)(1). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 2 | 2005.11.8 NEHC Risk Assessment 212 Housing Project WORD.pdf | **Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine.<br><br>In addition, Plaintiff's Exhibit 2 appears to have been modified and/or altered. A clear example of modification to this document occurs at pages 28 and 29 of the exhibit; the content of the charts on those pages has been replaced with incomprehensible symbols. Moreover, the fact that the title of the document contains the term "WORD" suggests that the document was loaded into a word processor for editing after it was scanned. |
| 3 | 2005.12.21.Lee Response Letter to Ser 1750.pdf | **Not Produced During Discovery.** Fed. R. Civ. P. 37(c)(1). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| | | Defendants' discovery requests.<br><br>**Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |
| 4 | 2006.3.20. Response to 1781 ltr from ROICC 03202006.pdf | **Not Produced During Discovery.** Fed. R. Civ. P. 37(c)(1). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine.<br><br>In addition, Plaintiff's Exhibit 4 appears to have been modified and/or altered. |
| 5 | 2007.10.1. 109519 ESA II- Ulupau Central South.pdf | No further objections |
| 6 | 2007.10.1. Phase 1 EA Pa Honua 3 Oct 2007 .pdf | No further objections |
| 7 | 2007.10.1. Phase 2 EA Pa Honua 3 Oct 2007.pdf | **Reliability.** Fed. R. Evid. 901. This appears to be an unsigned, draft version of a document. An environmental site assessment that is not signed by an environmental professional is not a valid, |

5

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | final document. See 40 C.F.R. § 312.20. |
| 8 | 2007.August. CUMULATIVE_RISK_RESOURCE_DOCUMENT.pdf | **Not Produced During Discovery.** Fed. R. Civ. P. 37(c)(1). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests. |
| 9 | 2008.February. ENV MCBH Pesticide Soils Management Plan Feb Letter 2008.pdf | No further objections |
| 10 | 2009.Hawaii Reporter.pdf News | **Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 11 | 2010.1.7. HDOH letter to OMC requesting PI soils documentation Jan Letter 2010.pdf | No further objections |
| 12 | 2011.Letters between EPA and Senators re PI soils. pdf | **Relevance.** Fed. R. Evid. 401, 402. This series of letters relates to the Kansas Army Ammunition Plant in Parsons, Kansas. These documents appear to be submitted in support of the legal conclusion that legally applied termiticides are governed by the Resource Conservation and Recovery Act. Defendants strongly reject this assertion, but in any event these documents do not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| | | established any personal knowledge enabling them to testify that the document is genuine. |
| 13 | 2014.2.23. chlordane perspective 02232014.pdf | **Not Produced During Discovery**. Fed. R. Civ. P. 37(c). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Unqualified Expert Opinion.** Fed. R. Evid. 702, Fed. R. Civ. P. Rule 37(c). This article purports to analyze various issues related to toxicity. Mr. Chun is not a toxicologist and is not qualified to provide the opinions expressed in this article, which was not previously disclosed as expert witness testimony.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 14 | Hawaii_ Pesticide_ FAQ 02414.pdf | **Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |
| 15 | 2014.3.5.DOH complaint 2014 we 03052014-signed.pdf | **Relevance.** Fed. R. Evid. 401, 402. This is one of the many letters that Mr. Chun has written to various governmental individuals and entities requesting some sort of intervention at MCBH. These requests have generally been denied or there has been a conclusion that there are no issues at MCBH. These letters do not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| 16 | 2014.3.30. Commanding Officer Tripler Army Medical Center Letter 03302014-signed.pdf | **Relevance.** Fed. R. Evid. 401, 402. This is one of the many letters that Mr. Chun has written to various governmental individuals and entities requesting some sort of intervention at MCBH. These requests have generally been denied or there has been a conclusion that there are no issues at MCBH. These letters do not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 17 | 2014.3.30. HOUSES ARE SAFE 03302014.pdf | **Not Produced During Discovery.** Fed. R. Civ. P. 37(c). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Unqualified Expert Opinion.** Fed. R. Evid. 702, Fed. R. Civ. P. Rule 37(c). This article purports to analyze legal definition and requirements. Mr. Chun is not an attorney and is not qualified to provide the opinions expressed in this article, which was not previously disclosed as expert witness testimony.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 18 | 2014.4.20. EPA response 042014.pdf | No further objections |
| 19 | 2014.5.5. Provider Guidance to Evaluate Exposures to Chlordane and Site Docs Other Organochlorine Insecticides.pdf | **Lack of Authentication.** Fed. R. Evid. 901. None of the authors or recipients of this document are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | **Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 20 | 2014.5.8.mtg with Malia and Cara May2014.pdf | **Not Produced During Discovery**. Fed. R. Civ. P. 37(c). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 21 | 2014.5.11. SYNERGISM EXPOSURE AND EFFECTS.pdf | **Not Produced During Discovery**. Fed. R. Civ. P. 37(c). This document does not appear to have been produced during the litigation (no bates stamp) despite the fact that it predates the Defendants' discovery requests.<br><br>**Unqualified Expert Opinion.** Fed. R. Evid. 702, Fed. R. Civ. P. Rule 37(c). This article purports to analyze various issues related to toxicity. Mr. Chun is not a toxicologist and is not remotely qualified to provide the opinions expressed in this article, which was not previously disclosed as expert witness testimony<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 22 | 2014.10.1. Response from DOH 10012014.pdf | No objection (this document was produced as an exhibit to Plaintiffs' opposition) |
| 23 | 2015 Resident outreach - Your MCBH Housing.clipular | No further objections |
| 24 | 2015.3.31. Report we 03312015-signed.pdf | No further objections |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| 25 | 2015.7.26 civil beat article failure to sample07262016.pdf | **Relevance.** Fed. R. Evid. 401, 402.  This is a news article about the Plaintiffs in this case.  This document does not have any tendency to prove or disprove any fact relevant to any of the issues presently before the court.<br><br>**Inadmissible Hearsay.**  Fed. R. Evid. 801-802. |
| 26 | 2015.8.27.Chun Complaint to HDOH 08 27 2015.pdf | **Relevance.** Fed. R. Evid. 401, 402.  This is one of the many letters that Mr. Chun has written to various governmental individuals and entities requesting some sort of intervention at MCBH.  These requests have generally been denied or there has been a conclusion that there are no issues at MCBH.  These letters do not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Inadmissible Hearsay.**  Fed. R. Evid. 801-802. |
| 27 | 2015.9.15.HDOH to Walter 0915 2015.pdf | No further objections |
| 28 | 2015.FCs Q and A from YourMCBHHousing website.pdf | No further objections |
| 29 | 2016 Ask questions, see answers -Your MCBH Housing.clipular | No further objections |
| 30 | 2016.1.22. HDOH Reports PublicRecord-CDIS (1).pdf | **Lack of Authentication.** Fed. R. Evid. 901.  The authors of this document (HEER/Eric Sadoyama) are not named as witnesses to be present at the Hearing.  Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| | | document is genuine. |
| 31 | 2016.2.16 Another 350 000 lawsuit settlement with FC on Feb 16 News 2016.pdf | **Relevance.** Fed. R. Evid. 401, 402. This document relates to a lawsuit in The United States District Court for the Northern District of Illinois related to an apartment complex in Chicago, Illinois. The Illinois lawsuit has nothing to do with military housing, Hawai'i, or Organo-Chlorinated Pesticides. This document does not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802.<br><br>**Not Produced During Discovery**. Fed. R. Civ. P. 37(c). This document does not appear to have been produced during the litigation (no bates stamp, dated after Settlement).<br><br>**Lack of Authentication.** Fed. R. Evid. 901. None of the individuals involved in this lawsuit are named as witnesses at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |
| 32 | 2016.Petition EPA, HDOH & US Congress/ Please Protect Health Petition and Safety of Military Children and Families on US Soil Change.org.pdf | **Relevance.** Fed. R. Evid. 401, 402. This appears to be an online petition started by Ms. Barber or Mr. Chun. This document does not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Lack of Authentication.** Fed. R. Evid. 901. It is unclear how this document it was created, who has signed it, and under what circumstances it was electronically "signed." |

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
|  |  | **Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 33 | Chapter 8 The contaminated hsg project is not safe wc.pdf | **Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 34 | Chapter 9 Cost of contaminating a hsg proj.pdf | **Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 35 | Dangerous Ground - KFVE, K5-Hawaii News, Weather and Sports | **Relevance.** Fed. R. Evid. 401, 402. This is a news article quoting Mr. Chun's allegations related to MCBH. It appears to be from in or around 2006. This document does not have any tendency to prove or disprove any fact relevant to the issues presently before the court.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801-802. |
| 36 | Manana | **Lack of Authentication.** Fed. R. Evid. 901. The authors of this document (HEER/Eric Sadoyama) are not named as witnesses to be present at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |
| 37 | Mololani | **Lack of Authentication.** Fed. R. Evid. 901. The authors of this document (HEER/Eric Sadoyama) are not named as witnesses to be present at the Hearing. Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |
| 38 | Nani Ulupau | **Lack of Authentication.** Fed. R. Evid. 901. |

12

| Ex. | Material Objected To | Grounds for Objection |
|---|---|---|
| | | The authors of this document (HEER/Eric Sadoyama) are not named as witnesses to be present at the Hearing.  Neither Ms. Barber nor Mr. Chun have established any personal knowledge enabling them to testify that the document is genuine. |

For the reasons outlined above, Plaintiff's late-disclosed exhibits should be excluded from the August 3, 2016 evidentiary hearing.

DATED:  Honolulu, Hawaiʻi, August 2, 2016.

/s/ Randall C. Whattoff
LISA WOODS MUNGER
RANDALL C. WHATTOFF
CHRISTINE A. TERADA

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, LLC