GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

LISA WOODS MUNGER          3858-0
    lmunger@goodsill.com
RANDALL C. WHATTOFF        9487-0
    rwhattoff@goodsill.com
CHRISTINE A. TERADA        10004-0
    cterada@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL MANAGEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>            Class Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10,<br><br>            Defendants. | CIV NO 14-00217 HG-KSC<br><br>DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S RESPONSE TO (1) PLAINTIFFS' MOTION IN LIMINE NO. 1 RE NON-DISPARAGEMENT CLAUSE (FILED UNDER SEAL) AND (2) MOTION IN LIMINE NO. 2 RE BURDEN OF PROOF ON DEFAMATION [DKT 317]; CERTIFICATE OF SERVICE<br><br>**Evidentiary Hearing**<br>Date: August 3, 2016 |

**DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT, INC.'S RESPONSE TO (1) PLAINTIFFS' MOTION IN LIMINE NO. 1 RE NON-DISPARAGEMENT CLAUSE (FILED UNDER SEAL) AND (2) MOTION IN LIMINE NO. 2 RE BURDEN OF PROOF ON DEFAMATION [DKT 317]**

Defendants OHANA MILITARY COMMUNITIES, LLC and FOREST CITY RESIDENTIAL MANAGEMENT, INC. (collectively "Defendants") oppose Plaintiffs' Motion in Limine No. 1 and Motion in Limine No. 2 (collectively, "Motions in Limine"), filed earlier today, as they are inappropriately used to raise substantive legal issues—not address evidentiary issues. To the extent the Court considers the Motions in Limine, Defendants oppose the motions and request the right to respond through appropriate briefing.

The purpose of a motion in limine is to "request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (8th Ed. 2004). "Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Id*. The Ninth Circuit has similarly held that a motion in limine "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

In Motion in Limine No. 1, Plaintiff argues for the legal standard she contends should apply under the non-disparagement clause of the Settlement Agreement. Ms. Barber spends the length of her motion arguing that "the lesser standard of 'disparaging,' communications" should not be applied to the present litigation. Motion in Limine No. 1 at 7. It is not until the very end of her motion that Ms. Barber asks the court to "exclude any and all evidence introduced by Defendants to allegedly prove 'disparagement' rather than defamation under the Settlement Agreement." *Id*. This request is a pretext designed to shoehorn a substantive motion into a motion in limine; the gravamen of the motion is the court's standard of review, which is not suitable for a motion in limine.[1]

With respect to Motion in Limine No. 2, Ms. Barber argues that Defendants are "public figures" and that Defendants have "the burden of demonstrating by clear and convincing evidence that Plaintiff Cara Barber made the challenged speech with actual malice . . . ." Motion in Limine No. 2 at 1. Again, and only at the very end of her motion, Ms. Barber tacks on a request that the Court "exclud[e] evidence proffered for the purpose of establishing negligence or some lesser standard to support a claim of defamation against her." *Id*. at 9. Again, the gravamen of the motion is Defendants' burden of proof, which is not

---

[1] Moreover, both Motions in Limine fail to identify the evidence that they seek to exclude with any degree of specificity. Accordingly, Plaintiff's Motions in Limine are so vague that Defendants are unable to evaluate what evidence, if any, Plaintiff objects to. Plaintiff's Motions in Limine should be denied on this basis alone.

suitable for a motion in limine. Ms. Barber should have raised this argument in her opposition to Defendants' motion for preliminary injunction and for an order to show cause regarding sanctions (the "PI Motion"), which expressly addressed these legal standards. PI Motion at 27-28. Ms. Barber cannot use a motion in limine to raise arguments that she previously failed to address.

Ms. Barber's attempts to introduce new arguments are especially improper here because of how much time has passed since Defendants initially filed the PI Motion. The PI Motion was initially filed and served on Plaintiff nearly two months ago, on June 6, 2016. Defendants' related motion to seal was initially denied by the Court, and an identical PI Motion (with a different motion to seal) was re-filed on June 15, 2016. Plaintiff's opposition was not due until July 13, 2016.

Defendants have not had the opportunity to address the substance of Plaintiff's Motions in Limine because they were filed earlier today. Defendants respectfully reiterate their request for an opportunity to brief the issues for the Court if the Court is inclined to consider them. However, with respect to Motion in Limine No. 2, Defendants are not public figures and cannot be made into public figures merely by the fact that they were sued. The public-figure rule cited by Plaintiff only applies where a party "voluntarily inject[s] itself into the controversy for the purpose of influencing the controversy's ultimate resolution." *Makaeff v.*

*Trump Univ., LLC*, 715 F.3d 254, 266 (9th Cir. 2013). While Plaintiff and/or her counsel have appeared on and in local television reports and newspaper articles, run blogs and social media campaigns advocating for their position, and continue to advocate their claims in the public sphere (in violation of the Settlement Agreement), Defendants have not conducted similar activities. Defendants' activities have been limited to the creation of a website that discloses information related to MCBH housing. Plaintiff cannot use publicity generated by <u>her</u> improper publicity campaigns as a basis for transforming <u>Defendants</u> into public figures.

DATED: Honolulu, Hawaiʻi, August 2, 2016.

/s/ Randall C. Whattoff
LISA WOODS MUNGER
RANDALL C. WHATTOFF
CHRISTINE A. TERADA
EWAN C. RAYNER

Attorneys for Defendants
OHANA MILITARY COMMUNITIES, LLC
FOREST CITY RESIDENTIAL
   MANAGEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PLAINTIFFS CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves and All Others Similarly Situated,<br><br>        Class Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE Defendants 1-10,<br><br>        Defendants. | CIV NO 14-00217 HG-KSC<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing were served on the following at their last known addresses:

**Served via U.S. Postal Mail and e-mail**

P. Kyle Smith, Esq.      kyle@lynchhoppersmith.com
Sergio Salzano, Esq.      ssalzano@lhsslaw.com
Christina Lambe, Esq.      christina@lynchhoppersmith.com
Terrance M. Revere, Esq.      terry@revereandassociates.com
Malia R. Nickison-Beazley, Esq.      Malia@revereandassociates.com
Pali Palms Plaza

5956150.2

970 N. Kalaheo Ave., Suite A301
Kailua, HI 96734

Attorneys for Class Plaintiffs

    DATED: Honolulu, Hawaii, August 2, 2016.

                      /s/ Randall C. Whattoff
                      LISA WOODS MUNGER
                      RANDALL C. WHATTOFF
                      CHRISTINE A. TERADA
                      EWAN C. RAYNER

                      Attorneys for Defendants
                      OHANA MILITARY COMMUNITIES, LLC
                      FOREST CITY RESIDENTIAL
                          MANAGEMENT, INC.