**LYNCH HOPPER SMITH, LLP**
P. KYLE SMITH          9533-0
970 N. Kalaheo Ave., #A301
Kailua, HI  96734
T: (808) 791-9555

**REVERE & ASSOCIATES**
TERRANCE M. REVERE          5857-0
Pali Palms Plaza
970 North Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
T: (808) 791-9550

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, et al., On Behalf of Themselves And All Others Similarly Situated,<br><br>        Class Plaintiffs,<br><br>   vs.<br><br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIVIL NO.:  14-00217 HG-KSC<br><br>**PLAINTIFF CARA BARBER'S MOTION TO DISMISS PRELIMINARY INJUNCTION FOR LACK OF JURISDICTION; and CERTIFICATE OF SERVICE**<br><br><br><br>Judge: Hon. Helen Gillmor |

Plaintiff Cara Barber ("Barber") respectfully moves this Court to deny and

dismiss Defendants Ohana Military Communities, LLC, and Forest City

Residential Management, Inc.'s (collectively, OMC") motion for preliminary injunction for lack of jurisdiction. Barber brings this motion pursuant to Federal Rules of Civil Procedure ("FRCP") 2, 3, 12(b), and 65. The purpose of a preliminary injunction is to preserve the status quo until the merits of an action may be ultimately decided…not prejudice a party's right to due process and a jury.[1]

After moving for preliminary injunction, OMC has failed to timely bring an "action" against Barber for alleged breach of the parties' February 2016 Settlement Agreement ("Agreement"). OMC's failure to timely bring an action deprives Barber of:  a) the opportunity to assert counterclaims and affirmative defenses; b) the opportunity to conduct discovery to support her defenses and affirmative claims; and c) the right to a jury under the Seventh Amendment and FRCP 38. Further, OMC's failure to timely bring an action deprives this Court of jurisdiction.

---

[1] *Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 808 (9th Cir. 1963) ("It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits. The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to **which he might be entitled if successful at the conclusion of a trial. This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it. Yet this is what Judge Clarke's order does, and it is based upon findings that purport to determine that Tanner breached the contracts, that its breaches could not be cured, and that Tanner has no substantial defense to the action**. These are matters to be determined at trial, not upon the motion for preliminary injunction.")(emphasis added)

Although this Court originally retained "jurisdiction for six months (i.e. August 25, 2016, to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016," [ECF 271-1], no "action" was brought nor has the Court's resolved the parties' dispute within this time frame. Further, the parties' stipulated dismissal does not grant jurisdiction to the Court beyond August 25, 2016, to file an action or informally resolve a dispute. This Court therefore has no jurisdiction over this matter under the stipulation for dismissal. Importantly, OMC's motion for preliminary injunction does <u>not</u> confer jurisdiction upon a federal court nor does a motion for preliminary injunction initiate "an action." As Supreme Court precedent and the Federal Rules of Civil Procedure 2 and 3 confirm, "[t]here is [only] one form of action – the civil action,"[2] and "[a] civil action is commenced by filing a complaint with the Court."[3]

Here, because <u>no</u> civil action was timely filed by OMC and the Court's jurisdiction otherwise ended on August 25, 2016, any ongoing exercise of jurisdiction by this Court is improper. Further, this Court's assumption of unlimited jurisdiction in violation of Barber's entitlement to Due Process and a jury contradicts relevant precedent, statute, rule, and the parties' Agreement.[4]

---

[2] FED. R. CIV. P. 2.

[3] FED. R. CIV. P. 3.

[4] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

Accordingly, pursuant to Rules 2, 3, 65, and 12(b) of the Federal Rules of Civil Procedure, Barber requests this Court to dismiss OMC's motion so that a action may be brought in the appropriate state court forum if OMC wishes that will afford Barber the protections of Due Process and the Seventh Amendment.

DATED:  Kailua, Hawaii, this 21st day of September, 2016.

P. KYLE SMITH
TERRANCE M. REVERE
*Attorneys for Plaintiff Cara Barber*

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................... 1

II.   THE COURT ASSUMES JURISDICTION AND THAT BARBER HAS
      NO RIGHT TO A JURY IN ITS PRELIMINARY INJUNCTION
      HEARING AND ORDER ........................................................... 3

III.  ARGUMENT ................................................................................. 6

      A.    OMC's Failure to Timely Bring An Action Is Grounds to Dismiss its
            Motion for Preliminary Injunction ..................................................... 6

      B.    Breach of a Settlement Agreement is A Substantive Claim under
            Hawaii Law That Is Resolved by a Jury ............................................. 8

      C.    The Court's "Specific Performance" Reasoning to Justify its Exercise
            of Unlimited Jurisdiction Ignores Supreme Court Precedent .............. 8

IV.   CONCLUSION ............................................................................ 21

# TABLE OF AUTHORITIES

## CASES

*Amantiad v. Odum*, 90 Hawaii 152, 167, (1999) .................................................. 10

*Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948,

    3 L.Ed.2d 988 (1959) ................................................................................ 20

*Beamer v. Nishiki,* 66 Haw. 572, 580, 670 P.2d 1264, 1271 (1983) ..................... 13

*Biltmore Bank of Arizona v. First Nat. Mortg. Sources, L.L.C.,* No. CV-07-936-
PHX-LOA, 2008 WL 564833, at *6 (D. Ariz. Feb. 26, 2008) ............................. 13

*Bouman v. RBC Mortg.Co.*, 2007 WL 1432024 (Dist. Ct. Oregon 2007) ............. 18

*Brown v. San Diego State Univ. Found.*, 2015 WL 454857, * (S.D.Cal. 2015) .... 19

*Calli v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) .................................................... 14

*Church of Scientology of California v. Flynn,* 744 F.2d 694, 696 (9th Cir. 1984)  13

*City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) .................................................. 6

*Cole v. Spaeth*, 2007 WL 196573, *1 (E. Dist. Cal. 2007) ...................................... 7

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) .......................................... 20

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,*

    890 F.2d 165, 170 (9th Cir. 1989) ........................................................ 20, 21

*Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawai`i 277,

    172 P.3d 1021 (2007) ................................................................................ 10

*Fields v. Legacy Health Sys.,* 413 F.3d 943, 950 (9th Cir.2005) ............................ 9

*Gallagher v. Chavalas,* 48 Cal.App.2d 52, 58, 119 P.2d 408 (1941) .................... 13

*Ham Marine, Inc. v. Dresser Indus., Inc.,* 72 F.3d 454, 461 (5th Cir. 1995) ........ 11

*Jones v. City of Los Angeles,* 444 F.3d 1118, 1126 (9th Cir.2006) ......................... 6

*Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487 (1941) .................................... 9

*Kokkonen v. Guardian Life Ins. Co. of America*,

    511 U.S. 375 (1994) ............................................................. 3, 15, 16, 17,21

*Las Vegas Sands, LLC v. Nehme,* 632 F.3d 526, 536 (9th Cir. 2011) ................... 12

*Manneh v. Inverness Med. Innovations, Inc.*, No. 08–cv–653, 2011 WL 662765, at *1 (S.D.Cal. Feb. 11, 2011) .................................................................................. 19

*Maidman v. Jewish Publications, Inc.,* 54 Cal.2d 643, 355 P.2d 265, 269, 7 Cal.Rptr. 617, 621 (1960) ........................................................................... 13

*Marsh v. Vegianelli,* No. 1:09CV01243-GSAPC, 2010 WL 653759 (E.D. Cal. Feb. 17, 2010) ......................................................................... 6, 7

*Moran v. Guerreiro,* 97 Hawai`i 354, 371, 37 P.3d 603, 620 (Ct. App. 2001) ..... 11

*O'Conner v. Colvin*, 70 F.3rd 530, 532 (9th Cir. 1995) ............................................. 7

*Pauma Band of Luiseno Mission Indiance of Pauma and Uima Reservation v. California*, 813 F.3d 1155, 1167 (9th Cir. 2015) ......................................... 11

*Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) .................................................. 21

*Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804 (9th Cir. 1963)................. 2, 6

*TNT Marketing, Inc. v. Agresti,* 796 F.2d 276 (1986) ........................................... 16

*Windward Partners v. Lopes,* 3 Haw.App. 30, 32, 640 P.2d 872, 874 (1982) ...... 12

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) .................. 6

## STATUTES/RULES

Federal Rules of Civil Procedure § 2 ....................................................................... 2

Federal Rules of Civil Procedure § 3 ....................................................................... 2

Federal Rules of Civil Procedure § 2 ............................................................. *passim*

## OTHER AUTHORITIES

Restatement (Second) of Contracts §357 ............................................................... 11

81A C.J.S. *Specific Performance* §4 (2015) ......................................................... 11

Hawaii Civil Jury Instruction §15.8........................................................................ 11

5 J. Moore, J. Lucas, & J. Wicker, Moore's Federal Practice

    ¶ 38.21, at 38–192 (2d ed. 1979) .................................................................. 19

Charles A. 30 Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2305, 2306, & 2338 (1971). ................................................................................. 20

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves And All Others Similarly Situated,<br><br>Class Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO.:  14-00217 HG-KSC<br><br>**PLAINTIFF CARA BARBER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION; and CERTIFICATE OF SERVICE**<br><br><br><br>Hearing Motion<br>Judge: Hon. Helen Gillmor |

## I.    INTRODUCTION

Plaintiff Cara Barber requests this Court to deny and dismiss Defendants Ohana Military Communities, LLC, and Forest City Residential Management, Inc.'s (collectively, OMC") motion for preliminary injunction for failure to timely initiate "an action" under the parties' Agreement and Federal Rule of Civil Procedure 2 and 3. On February 29, 2016, this Court dismissed this original action

1

pursuant to the parties' settlement agreement.[5] Under the terms of the dismissal, this Court retained jurisdiction "for six months (i.e., until August 25, 2016) to resolve any disputes or actions related to the Settlement Agreement and Release between the parties dated January 5, 2016.").[6]

Thereafter, OMC brought *a motion* for preliminary injunction alleging that Barber was in breach of the settlement. Under Hawaii law, breach of a settlement agreement is a substantive claim for breach of contract that OMC has failed to timely assert. OMC's failure to timely assert an action results in depriving: a) Barber of her due process rights to assert affirmative defenses, conduct discovery, assert counterclaims; b) Barber's right to a jury under the Seventh Amendment and FRCP 38; and c) this Court of both personal and subject matter jurisdiction. As FRCP 2 and 3 confirm, a motion for preliminary injunction is <u>not</u> an action nor does filing a motion for preliminary injunction commence an action or confer jurisdiction.[7] Rather, a motion for preliminary injunction requires an underlying and independent basis for federal jurisdiction. Accordingly, pursuant to Supreme Court precedent and Rules 2, 3, 65, and 12(b) of the Federal Rules of Civil

---

[5] Stipulation for Dismissal with Prejudice of All Claims and All Parties and Order [ECF 271-1].

[6] *Id.*

[7] FED. R. CIV. P. 2 ("There is [only] one form of action – the civil action."); FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the Court.").

Procedure, Plaintiff Cara Barber requests this Court to dismiss OMC's motion so that a proper action can be brought in the appropriate state court forum that affords Barber the rights and protections of Due Process and the Seventh Amendment.

## II. THE COURT ASSUMES JURISDICTION AND THAT BARBER HAS NO RIGHT TO A JURY IN ITS PRELIMINARY INJUNCTION HEARING AND ORDER.

In the course of preliminary injunction hearings, this Court has stated that it possesses total control over the disposition of OMC's claims and that Barber has <u>no</u> right to a jury for any counterclaim or defense she intends to assert. Instead, the Court has indicated an intent to make <u>final</u> findings of fact and rulings at the conclusion of its *preliminary injunction* hearing without benefit of Barber's rights to affirmative defenses, counterclaims, discovery, or a jury. Indeed, the Court has stated its intention to issue a permanent injunction even though OMC has yet to assert any action or claim against Barber:

**Day Two of Preliminary Injunction Hearing:**

> MR. SMITH: And just so we're clear, Your Honor, I don't have an objection to -- I'm not exactly sure if this ever ends up later to be trial exhibits, and so for the purpose of this motion, I don't object to the authenticity of Exhibit O. But I would preserve my objections to relevance, I guess, at the time of trial if this --
>
> THE COURT: Okay. I'm not sure -- you know, this is -- we're not going to take the same –
>
> MR. SMITH: Yes.

THE COURT: -- evidence again. **This is a preliminary injunction. The other is a permanent injunction. And we will use the exhibits and the testimony from here in making the final decision with respect to the permanent injunction and sanctions. And so there really isn't a distinction between the later, full hearing because there would really be no point in doing it twice.**

MR. SMITH: Your Honor, your point's taken for the purpose of the injunctive hearing, but with respect to the extent these issues go before a jury –

THE COURT: **They're not going before a jury. They're not going before a jury.**

MR. SMITH: Breach of the settlement agreement? I definitely –

THE COURT: **That would be -- that would be the judge's decision.**

MR. SMITH: Uhm, Your Honor, I understand the court's position. As you know, we still believe that that is appropriately before the jury for the question of defamation and questions of fact and we've not waived Ms. Barber's right to a jury. I think my objection is already on the record.
THE COURT: Okay. Let's just leave it at that for now. We can deal with it later.[8]

**Day Three of Preliminary Injunction Hearing:**

MR. SMITH: The objection is that they didn't ask Ms. Barber about any of them, and so they were not offered into evidence at all in the evidentiary hearing, and I object to admitting in evidence that she wasn't questioned on, particularly for the purpose of if this later goes in front of a jury –

THE COURT: **You, Mr. Smith, I don't understand your talking about a jury. I have explained to you that this is a proceeding with respect to the Court having jurisdiction with respect to whether or not there was a violation of the settlement agreement. There's no jury involved here,**

---

[8] Transcript of Preliminary Injunction Hearing on Day 2 ("Day 2 Transcript") at 42:16-43:23 (emphasis added).

**there's no jury.** This is what the Court does when there is a question about the settlement. So unless you -- if you want to give me a legal memorandum that changes my understanding, I am interested in that, but skeptical.

MR. SMITH: Yes, Your Honor.[9]

**Day Five of Preliminary Injunction Hearing:**

MR. SMITH: I do, Your Honor. And I'm going to say this, and I am not saying it at all to make you upset, so please just for the record, please know I've made it, we preserve our objection, I do intend to brief the issue with respect to this whole question of fact, question of law, the equity, and also the role of the jury in this underlying [action] – but by engaging in this discussion, I'm not waiving that objection. I understand the Court's role with respect to the preliminary injunction and also if there were a permanent injunction proceeding. **But it's our clear position that there is an intervening findings of fact that have to be made by the jury.**

THE COURT**: I don't know where you are getting that, but you're certainly able to brief that and put it before me**.[10]

**Order Granting, In Part, Defendants' Motion for Preliminary Injunction [ECF 341]**

Finally, in the its most recent ruling on preliminary injunction, the Court

reiterated its belief that Barber has no right to a jury because OMC has not filed a

complaint because the Court is "specifically enforcing" the parties' "Agreement":

Here, Defendants have not filed a complaint for breach of contract. The proceedings before the Court seek to enforce the terms of the Parties' Settlement Agreement, which is analogous to an action for specific performance of a contract. The parties are not entitled to a jury trial in

---

[9] Day 3 Transcript at 6:5-21; *see also* Day 5 Transcript at 58:5-21 (emphasis added); *see also* Day 5 Transcript at 58:

[10] Day 5 Transcript at 58:21-59:9 (emphasis added)

proceedings to enforce a settlement agreement, even when there are factual disputes relating to the settlement agreement.[11]

This Court's assumption of unlimited jurisdiction and denial of due process and the right to a jury, however, is misplaced for the following reasons:

## III.   ARGUMENT

### A. OMC's Failure to Timely Bring An Action Is Grounds to Dismiss its Motion for Preliminary Injunction.

A preliminary injunction is an extraordinary remedy never awarded as of right.[12] "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."[13] "Abstract injury is not enough."[14] The purpose of a preliminary injunction is to preserve the status quo.[15] By itself, however, a motion for preliminary injunctive does not confer federal jurisdiction. This is because "[a] motion to enforce a settlement agreement…**is a separate**

---

[11] Order Granting, in Part, Defendants' Motion for Preliminary Injunction [ECF 341], at 13.

[12] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 9 (2008).

[13] *Marsh v. Vegianelli,* No. 1:09CV01243-GSAPC, 2010 WL 653759, at *1 (E.D. Cal. Feb. 17, 2010), quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (citations omitted); *Jones v. City of Los Angeles,* 444 F.3d 1118, 1126 (9th Cir.2006).

[14] *Id.* at *1, quoting *Lyons,* 461 U.S. at 101, 103 S.Ct. at 1665.

[15] *Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 808 (9th Cir. 1963)

**contract dispute requiring its own independent basis of jurisdiction.**"[16] Though a "federal court may issue an injunction if it has personal jurisdiction over the parties **and subject matter jurisdiction over the claim**; it may not attempt to determine the rights of persons not before the court."[17] Thus, a "[p]laintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint."[18]

Until this occurs, a motion for preliminary injunction is premature because no underlying basis for jurisdiction has been established.[19] This makes logical sense because the first requirement of a preliminary injunction *is success on the merits*. Obviously, if a party has not stated affirmative claims in an action then it is impossible to determine the likelihood of success on the merits, much less whether the claims are wholly equitable or a jury is necessary to resolve shared legal issues.

---

[16] *O'Conner v. Colvin*, 70 F.3rd 530, 532 (9th Cir. 1995) (emphasis added) (Ninth Circuit vacates district Court order compelling compliance with settlement agreement and imposing sanctions, attorney's fees, and costs, and remands with directions to dismiss for lack of jurisdiction.").

[17] *Cole v. Spaeth*, 2007 WL 196573, *1 (E. Dist. Cal. 2007) (quoting *Zepeda v. United States Immigration Service,* 753 F.2d 719, 727 (9th Cir.1985).

[18] *Id.* at *1 (emphasis added); *see also Marsh v. Vegianelli,* No. 1:09CV01243-GSAPC, 2010 WL 653759, at *1 (Court denies preliminary injunction because no complaint has been filed.")

[19] *Id.*

Here, because no claim has been asserted by OMC, Barber has not yet had an opportunity to assert counterclaims[20] (e.g., breach of contract), available affirmative defenses (e.g., non-material breach), or conduct appropriate discovery. More importantly, because OMC brought no action against Barber, there is "no independent basis of jurisdiction" because the six-month time limit to assert an action has run. Accordingly, because OMC did <u>not</u> timely file any action against Barber and we are now beyond the Court's limited six-month jurisdictional window, this Court lacks an independent basis for jurisdiction and OMC's motion for preliminary injunction must be dismissed.[21]

## B. Breach of a Settlement Agreement is A Substantive Claim under Hawaii Law That Is Resolved by a Jury.

OMC's preliminary injunction is based on Barber's alleged *breach* of the parties' Agreement. As its motion for preliminary injunction explains, OMC contends it is entitled to relief because Barber has <u>breached</u> both Paragraph 7

---

[20] Demanding a ruling against Barber, including claims for attorneys fees and damages without affording her the opportunity to assert a counterclaims would be a black letter violation of Hawaii law. *Kaiman Realty v. Carmichael*, 2 Haw. App. 499, 504 (1981) ("The Sellers did not waive their right to a jury trial on the issues raised in its counterclaim. The non-jury trial concerned the Buyer's request for specific performance, not the Sellers' counterclaim, and the lower court erred when it decided the issues raised in the counterclaim.")

[21] *Id.*

(Non-Disparagement),[22] and Paragraph 4 (Confidentiality) of the Agreement.[23]

Thus, OMC expressly alleges that Barber is in breach to justify its request for injunctive relief. And because OMC seeks both injunctive relief <u>and</u> **damages** against Barber,[24] Barber is entitled to a jury on OMC's allegations as well as her counterclaims. Second as this Court is well aware, federal courts apply state substantive law.[25] Under Hawaii law, a settlement agreement **is a form of contract**:

> [S]ettlement agreements (1) "are simply a species of contract," *Wong v. Cayetano,* 111 Hawai'i 462, 481, 143 P.3d 1, 20 (2006) (citations omitted), and, thus, (2) are governed by principles of contract law. *State Farm Fire & Cas. Co. v. Pac. Rent–All, Inc.,* 90 Hawai'i 315, 323–24, 978 P.2d 753,

---

[22] Motion for Preliminary Injunction [ECF 291] at 2 ("[Barber's] statements - and numerous other false statements made by Ms. Barber - **violate the terms of the Settlement Agreement,** which prohibit Ms. Barber from making "any defamatory, libelous, slanderous, or recklessly or intentionally untrue communications, remarks, or comments.") (emphasis added).

[23] Motion at 2-3("The Settlement Agreement also prohibits Ms. Barber and her attorneys from making 'any comments or statements ... relating to the terms of the settlement agreement and/or the amount of consideration paid.' (Emphasis added.) **Ms. Barber has violated this provision** by using her blog and social media accounts to create the impression that all MCBH residents are 'eligible' for significant settlement" amounts that they can collect by simply contacting her former attorneys and filing a claim.")(emphasis added); *see also id.* at 33-36, wherein OMC alleges that Barber has breached Paragraphs 4, 6, 7, and 11.

[24] *See* Footnote 27 below.

[25] *Fields v. Legacy Health Sys.,* 413 F.3d 943, 950 (9th Cir.2005); *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

761–62 (1999) (construing a settlement agreement under contract principles)[26]

Following a dismissal, a party must bring **an independent action for specific performance** of a settlement agreement or **move to vacate the dismissal** and reopen the original proceedings:

> When an action is dismissed with prejudice as part of a settlement agreement which is subsequently breached**, the trial court thereafter has no jurisdiction to enforce the settlement agreement unless a party to the agreement takes one of two courses of action. First, an independent action may be brought for specific performance of the settlement agreement.** Second, **a motion to vacate the dismissal order and reopen the original proceedings may be filed.** Unless the vacatur is first granted, however, no jurisdiction would exist in the court to enter any remedial orders in the case.[27]

Neither of these options have been exercised in this case. OMC has brought no independent action and the parties' dismissal has never been vacated. Instead, OMC simply filed a motion for preliminary injunction that this Court likened to a motion for "specific performance."[28] As the Ninth Circuit has recognized,

---

[26] *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawai`i 277, 288, 172 P.3d 1021, 1032 (2007).

[27] *Amantiad v. Odum*, 90 Hawaii 152, 167, (1999).

[28] It must be noted that while the Court claims this action is "akin to specific performance," **OMC seeks legal damages that this Court has allowed.** *See, e.g* June 29, 2016, Transcript, at 4 ("And the Court takes very seriously the idea that a settlement has been entered into and it is violated in just a few months, and there are liquidated damages in this matter, which means that we don't have to have a hearing if liability is found" ); *id.* at 17 ("Because I see that in your settlement agreement, **attorneys' fees with respect to this are also part of your damages**."); The Court also allowed direct questioning by OMC reegarding its

however, "specific performance is **a remedy associated with breach of contract.**[29] Therefore, "a cause for specific performance ordinarily cannot lie until there has been a breach of the contract."[30] Importantly, under Hawaii law, **whether a settlement agreement has been breached is a question for the jury**:

> **If, on the other hand, the trial court determines that a mutual, valid, and enforceable settlement agreement does exist between the parties, then any dispute as to whether the settlement agreement was breached is a question of fact, and where the right to a jury trial has been asserted, the question of fact must be decided by a jury.** *See Ham Marine, Inc. v. Dresser Indus., Inc.,* 72 F.3d 454, 460 (5th Cir.1995).[31]

As the Fifth Circuit, cited by *Moran,* supra, explains in *Ham Marine, Inc.*:

> Once a contract has been found, and its essential terms have been identified and determined to be enforceable, the issue of breach is properly addressed. **This is another question of fact.** *Chapman & Cole v. Itel Container Int'l B.V.,* 865 F.2d 676, 680 (5th Cir.), *cert. denied,* 493 U.S. 872, 110 S.Ct. 201, 107 L.Ed.2d 155 (1989). **As with other findings of fact, the jury is**

---

**alleged damages**. *See* August 3, 2016 Transcript, at 94 (" **MR. WHATOFF:** And did you understand that, if you were wrong about that allegation, you'd be subjecting Forest City and Ohana to substantial damages? **MR. SMITH: Objection. Calls for speculation. THE COURT: I'll allow it. MR. SMITH: And a legal conclusion. THE COURT: Answer the question."**) (emphasis added).

[29] *Pauma Band of Luiseno Mission Indiance of Pauma and Uima Reservation v. California*, 813 F.3d 1155, 1167 (9th Cir. 2015) citing Restatement (Second) of Contracts §357.

[30] *Id.* citing 81A C.J.S. *Specific Performance* §4 (2015).

[31] *Moran v. Guerreiro,* 97 Hawai`i 354, 371, 37 P.3d 603, 620 (Ct. App. 2001)(emphasis added).

**in the best position to evaluate the evidence and to assess the credibility of witnesses.[32]**

Likewise, Hawaii Civil Jury Instruction Nos. 15.1-15.27 confirm that a jury decides whether a contract has been breached.[33] "It is [also] basic contract law that one party cannot insist upon the performance of a contract or a provision thereof where he, himself, **is guilty of a material or substantial breach of that contract or provisio**n.' 17 Am.Jur.2d Contracts s 425 (1964). **Thus, when such questions of fact exist, a trial on the merits is appropriate**."[34] Here, Barber intends to assert counterclaims for, at minimum, breach of contract by OMC. Thus, a trial on is appropriate to resolve whether either party has breached the Agreement.

Other jurisdictions agree that whether a party has breached a contract and whether the breach is material are questions for the jury. For example, in Nevada:

A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.,* 103 Nev. 132, 734 P.2d 1238, 1240 (1987). **Whether a party has breached a contract and whether the breach is material are questions**

---

[32] *Ham Marine, Inc. v. Dresser Indus., Inc.,* 72 F.3d 454, 461 (5th Cir. 1995)(emphasis added); *see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360, 82 S.Ct. 780, 784, 7 L.Ed.2d 798 (1962)(**breach of contract is question of fact for jury that will not be disturbed by appellate court**).

[33] HCJI 15.8 ("To prevail on the claim for breach of contract, plaintiff(s) must prove all of the following elements…").

[34] *Windward Partners v. Lopes,* 3 Haw.App. 30, 32, 640 P.2d 872, 874 (1982).

**of fact.** *Hoffman v. Eighth Judicial Dist. Court,* 90 Nev. 267, 523 P.2d 848, 850 (1974). [35]

Similarly, under Arizona law:

> **Whether a party has breached a contract, whether a custom is so well established as to justify an expectation that it will be observed with respect to a particular transaction and whether that breach is material are questions of fact for the trier of fact.** *Jeski v. American Express Co.,* 147 Ariz. 19, 22, 708 P.2d 110, 113 (Ariz.Ct.App.1985); *Angle,* 626 P.2d at 131; *FDIC v. Air Fla. Sys., Inc.* 822 F.2d 833, 840 (9th Cir.1987).[36]

Thus, Hawaii, Nevada, Arizona, and California courts all concur that breach of contract is decided by a jury. This result is particularly necessary when OMC alleges Barber breached her Agreement **by engaging in defamation**. As Hawaii and other courts have recognized, whether a statement is defamatory is a question of fact for the jury.[37]

This Court's recognition that "Defendants have not filed a complaint for breach of contract," does <u>not</u> confer jurisdiction upon the Court as assumed by its

---

[35] *Las Vegas Sands, LLC v. Nehme,* 632 F.3d 526, 536 (9th Cir. 2011) (emphasis added).

[36] *Biltmore Bank of Arizona v. First Nat. Mortg. Sources, L.L.C.,* No. CV-07-936-PHX-LOA, 2008 WL 564833, at *6 (D. Ariz. Feb. 26, 2008) (emphasis added).

[37] *Beamer v. Nishiki,* 66 Haw. 572, 580, 670 P.2d 1264, 1271 (1983); *see also Church of Scientology of California v. Flynn,* 744 F.2d 694, 696 (9th Cir. 1984) ("**The existence of a defamatory meaning is generally a question of fact for the jury.** *See Maidman v. Jewish Publications, Inc.,* 54 Cal.2d 643, 355 P.2d 265, 269, 7 Cal.Rptr. 617, 621 (1960); *Gallagher v. Chavalas,* 48 Cal.App.2d 52, 58, 119 P.2d 408 (1941).").

order.[38] Rather, both specific performance and injunctive relief *are remedies* that require an independent basis of jurisdiction. They do not confer jurisdiction by themselves. Courts are in virtually universal agreement that breach of contract and defamation are questions for a jury. Accordingly, because OMC failed to timely file any action conferring jurisdiction on this Court, and Barber is entitled to have a jury decide whether she is in breach of her Agreement with OMC, not to mention her Due Process rights to conduct discovery and assert counterclaims and affirmative defenses, OMC's motion for preliminary injunction must be dismissed. Further, because breach of contract and defamation present substantive claims and questions of fact for the jury, this Court's repeated threats that it intends to grant not just preliminary, *but permanent*, injunction relief – without apparent regard for counterclaims, affirmative defenses, discovery, a jury, or even an underlying cause of action – must be refused.

### C. The Court's "Specific Performance" Reasoning to Justify its Exercise of Unlimited Jurisdiction Ignores Supreme Court Precedent that Mixed Legal Claims, Issues, and Defenses Should be Tried to a Jury *Before* Resolving Equitable Remedies.

Despite the apparent questions of fact presented whether Barber breached her Agreement or engaged in defamation, this Court maintains that it possesses unlimited jurisdiction over <u>all</u> question of fact because: a) OMC has "not filed a

---

[38] Order Granting, in Part, Defendants' Motion for Preliminary Injunction [ECF 341], at 13.

complaint for breach of contract;"[39] and b) this proceeding "is analogous to an action for specific performance of a contract."[40]

This legal analysis is erroneous in several respects. First, as already noted, OMC's failure to timely bring an action justifies dismissal of OMC's motion for lack of jurisdiction by itself. Even assuming *arguendo*, however, that this Court possessed jurisdiction over OMC's claim for breach, Barber is still entitled to assert counterclaims, affirmative defenses, conduct discovery, and be judged by a **jury** on her legal claims and affirmative defenses.

No case cited by the Court's order contradicts this conclusion. For example, while the Court relies upon *Calli v. Near*, a 1987 case by the Ninth Circuit, for the proposition that the "Court retains jurisdiction to enforce the settlement agreement entered into by the parties,"[41] the Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of America* clarified in 1994 that the **limited jurisdiction** of the federal court does <u>not</u> extend to enforcement of a settlement agreement **unless specifically agreed to by the parties**.[42] Otherwise, enforcement is for the state courts.[43]

---

[39] Order at 13.

[40] Order at 13.

[41] Order at 11, citing *Calli v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

[42] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994)("[W]e think the court is authorized to embody the settlement contract in its dismissal order  (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. **Absent such action, however,**

Here, this Court only retained jurisdiction under the stipulation for dismissal for six months until August 26, 2016, "to resolve any disputes or actions." [ECF 271-1] The stipulation does <u>not</u> contemplate any grant of jurisdiction to bring an action after six months for breach of contract nor does the stipulation give this Court authority to re-open the underlying litigation after six months. If OMC wishes to pursue either action, which the relief it seeks *requires*, such action must be brought in state court. Again, simply filing a motion for preliminary injunction does <u>not</u> initiate an action nor confer federal jurisdiction. Likewise, requesting the remedy of specific performance as part of a motion does <u>not</u> initiate an action nor confer federal jurisdiction.

*TNT Marketing, Inc. v. Agresti,* cited by the Court for authority to enforce a settlement agreement,[44] is unconvincing as well. *TNT Marketing*, like *Cllie v. Near*, is a also Ninth Circuit case that predates *Kokkonen*. While *TNT Marketing* rests on the Court's "inherent power to enforce a settlement," this basis was expressly rejected by the United States Supreme Court in *Kokkonen*, which recognized that "[e]nforcement of the settlement agreement, **whether by award of damages or decree of specific performance**, is more than just a continuation or renewal of the

---

**enforcement of the settlement agreement is for state courts,** unless there is some independent basis for federal jurisdiction**.") (Underline and bold added,)

[43] *Id.*

[44] Order at 12, citing *TNT Marketing, Inc. v. Agresti,* 796 F.2d 276 (1986).

dismissed suit, **and hence requires its own basis for jurisdiction.**"[45] A court's "inherent power" does not justify an exercise of jurisdiction over an action to enforce a settlement agreement.[46] As *Kokkonen* explains:

> The short of the matter is this: **The suit involves a claim for breach of a contract,** part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. **The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.** If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.[47]

Like *Kokkonen*, OMC's requested relief relies upon a breach of contract. Further, while the parties agreed to grant this Court jurisdiction until August 25, 2016, "to resolve any disputes or actions," the parties' dispute was not resolved within that period nor does the stipulated dismissal grant additional time to file a new action.

*TNT Marketing* is further distinguishable because it does <u>not</u> concern substantive Hawaii law; does <u>not</u> address whether breach of contract is a jury question; does <u>not</u> support waiver of the right to a jury for legal claims/defenses;

---

[45] *Kokkonen*, 511 U.S. at 378 (emphasis added).

[46] *Id.* at 380 ("[B]oth courts in the present case appear to have relied upon, judging from their references to "inherent power." We think, however, that the power asked for here is quite remote from what courts require in order to perform their functions.") (internal citation omitted).

[47] *Id.* at 381 (emphasis added).

and includes <u>no</u> discussion regarding *when* a court should resolve questions of law in a case involving mixed question of law and equity. Unlike this case, *TNT Marketing's* judgment also incorporated the terms of the settlement.[48] Finally, whether damages were properly awarded in *TNT Marketings* was remanded and the record is silent whether a jury was used for the remanded proceedings or not. *TNT Marketing* therefore differs on every point from this case and does not support the Court's assertion of federal jurisdiction and denial of a jury.

The Court's reliance upon *Adams v. Johns-Manville* is similarly misplaced.[49] Like *Callie* and *TNT Marketing* above, *Adams* is a Ninth Circuit case that predates *Kokkonen*. There is therefore no analysis in *Adams* whether the trial court's presumption of jurisdiction was proper in the first place.

Second, *Adams* concerned *enforcement* of a settlement to resolve *pending* litigation, not an alleged breach of a settlement agreement requiring findings of fact after dismissal in a closed case. *Adams* is therefore wholly different from the case at hand.

Third, unlike *Adams*, OMC seeks *damages* in addition to a preliminary injunction. This Court's comparison to this action as "specific performance" is

---

[48] *See, e.g. Bouman v. RBC Mortg.Co.*, 2007 WL 1432024 (Dist. Ct. Oregon 2007)( The fact that the Ninth Circuit allowed a district court to enforce a stipulated judgment **which included the terms of the settlement between the parties** is not relevant to a case where no judgment was entered").

[49] Order at 12, citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (1989).

therefore inaccurate. Finally, while *Adams* does state a motion to enforce a settlement agreement is akin to specific performance of a contract and <u>may</u> not require a jury, *no legal defenses or counterclaims* were present in *Adams* that might give rise to a jury trial as the *Adams* court recognizes.[50]

Indeed, courts distinguish *Adams* when affirmative defenses or claims are present that create questions for the jury. For example, *Brown v. San Diego State Univ. Found.*, 2015 WL 454857 (2015), the court recognized that the assertion of legal counterclaims or affirmative defenses impacts the analysis under *Adams*.[51] Importantly, because OMC has not timely brought an action against Barber, Barber has not yet had an opportunity to assert affirmative defenses and counterclaims. This court is readily aware, however, that Barber contends she did not breach the Agreement and that any alleged breach is not material. Again, breach of contract is

---

[50] *Adams*, 876 F.2d at 709, quoting 5 J. Moore, J. Lucas, & J. Wicker, Moore's Federal Practice ¶ 38.21, at 38–192 (2d ed. 1979) ("[I]n an action for specific performance **uncomplicated by other requests for relief or by counterclaims**, there is no right to a jury trial.").

[51] *Brown v. San Diego State Univ. Found.*, 2015 WL 454857, * (S.D.Cal. 2015)("To determine whether there is a right to a jury trial, the Court determines whether an affirmative defense is legal or equitable."); *see also Illinois Union Ins. Comp. v. Navigators Specialty Ins. Co.*, 2016 WL 1534786, *4-5 (citing *Brown v. San Diego State Univ. Found.*, 2015 WL 454857 (S.D.Cal. 2015) with approval); *Manneh v. Inverness Med. Innovations, Inc.*, No. 08–cv–653, 2011 WL 662765, at *1 (S.D.Cal. Feb. 11, 2011) ("**The right to a jury trial attaches to all of Plaintiff's legal claims and the defenses**.").

a question for the jury. As the Supreme Court of the United States in *Dairy Queen, Inc. v. Wood* recognized:

> **We conclude therefore that the district judge erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract.** Since these issues are common with those upon which respondents' claim to equitable relief is based, **the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims**.[52]

"[W]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or *by a court trial of a common issue existing between the claims*."[53] Thus, "[w]hen legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion...must, wherever possible, be exercised to preserve jury trial."[54] "**[O]nly under the most imperative circumstances...can the right to a jury trial of legal issues be lost through prior determination of**

---

[52] *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) (emphasis added) (Note too that his result "applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not.") *Id.* at 473; *see also* Charles A. 30 Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2305, 2306, & 2338 (1971).

[53] *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 170 (9th Cir. 1989), quoting *Ross v. Bernhard,* 396 U.S. 531, 537–38, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) (emphasis added).

[54] *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

equitable claims."[55] As a result, "where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action **must be determined prior to any final court determination of [the] equitable claims**."[56] This court's statements that Barber is not entitled to a jury to resolve whether she has breached the Agreement that it intends to grant preliminary and permanent injunctive relief without providing any consideration of Barber's counterclaims and defenses therefore contradicts controlling Supreme Court and other precedent.

Accordingly, because none of the cases cited by the Court's order [ECF 341-1] support its unlimited exercise of jurisdiction and denial of Barber's right to a jury trial, Barber respectfully requests this Court to dismiss OMC's motion so that a proper action can be brought in the appropriate state court forum that affords Barber the rights and protections of Due Process and the Seventh Amendment.

## IV.   CONCLUSION

Federal courts are courts of limited jurisdiction and it is presumed that a cause lies outside federal jurisdiction absent express authorization.[57] Here, OMC

---

[55] *Beacon Theatres,* 359 U.S. at 510–11, 79 S.Ct. 948 (emphasis added).

[56] *Dollar Systems,* 890 F.2d at 170 (quoting Dairy Queen, 369 U.S. at 479, 82 S.Ct. 894) (emphasis added); *see also Harada v. Burns,* 50 Haw. 528, 445 P.2d 376 (1968) (Where legal and equitable claims are present in the same case, courts have long held that the trial court is precluded from ruling, in the first instance, on any equitable claims that may determine the outcome of the legal claims.)

[57] *Kokkonen*, 511 U.S. 377.

failed to timely bring an action in federal court before August 25, 2016, under the express terms of the parties stipulated dismissal. Further, OMC's motion for preliminary injunction neither begins an action nor confers federal jurisdiction. Therefore, this Court's exercise of unlimited federal jurisdiction to the exclusion of Barber's Due Process and Seventh Amendment rights must be refused. Accordingly, for all of the above reasons, Barber requests this Court to dismiss OMC's motion so that a proper action can be brought in the appropriate state court forum that affords Barber the rights and protections of Due Process and the Seventh Amendment.

DATED:  Kailua, Hawaii, this 21st day of September 2016.

P. KYLE SMITH
TERRANCE M. REVERE
*Attorneys for Plaintiff Cara Barber*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA BARBER, MELISSA JONES, MELISSA STREETER, KATIE ECKROTH, BOB BARBER, TIM JONES, AND RYAN ECKROTH, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO.:  14-00217 HG-KSC<br><br>**CERTIFICATE OF SERVICE** |

Pursuant to Federal Rule of Civil Procedure 5(a), the undersigned hereby certifies that **PLAINTIFF CARA BARBER'S MOTION TO DISMISS FOR LACK OF JURISDICTION** was served upon the following parties through CM/ECF:

Randall Whattoff, Esq.          rwhattoff@cfhawaii.com
Lisa Munger, Esq.               lmunger@goodsill.com
Attorneys for Defendants

DATED:  Kailua, Hawaii, this 21st day of September 2016.

P. KYLE SMITH
TERRANCE M. REVERE
*Attorneys for Plaintiff Cara Barber*