IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARA BARBER, ET AL., | ) | CIVIL NO. 14-00217 HG-RLP |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING DEFENDANTS OHANA |
| | ) | MILITARY COMMUNITIES, LLC AND |
| vs. | ) | FOREST CITY RESIDENTIAL |
| | ) | MANAGEMENT LLC'S MOTION TO STAY |
| OHANA MILITARY COMMUNITIES, | ) | PLAINTIFF'S MOTION FOR |
| LLC, ET AL., | ) | ATTORNEY'S FEES AND COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC
AND FOREST CITY RESIDENTIAL MANAGEMENT LLC'S MOTION TO
STAY PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Defendants Ohana Military Communities, LLC and Forest City Residential Management LLC's Motion to Stay Plaintiff's Motion for Attorney's Fees and Costs, filed on January 31, 2018 ("Motion"). ECF No. 423. The Court finds the Motion suitable for disposition without a hearing pursuant to Rules 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the Motion and the record in this matter, the Court GRANTS the Motion.

BACKGROUND

Plaintiffs filed this action in April 2014. ECF No. 1. After nearly two years of litigation, the parties entered into a settlement agreement. ECF No. 271. Less than four months after entering in the settlement agreement, Defendants filed a motion for preliminary injunction seeking to enjoin Plaintiff Barber

from violating the non-disparagement clause and the confidentiality provision in the settlement agreement.  ECF No. 278.  On August 26, 2016, the court issued an order granting the motion for preliminary injunction with respect to the confidentiality provision.  ECF No. 341.  The court stated that it would proceed at a later date regarding the non-disparagement clause.  Id.  Before the court ruled on the non-disparagement provision, Plaintiff Barber filed an appeal of the August 26, 2016 Order.  ECF No. 368.

On August 18, 2017, the Ninth Circuit reversed, in part, the August 26, 2016 Order, and remanded the case.  See ECF Nos. 392, 393.  Following further motions practice, the Court issued an Order denying Defendants' preliminary injunction motion ruling that the Ninth Circuit's decision applied to the confidentiality provision and the non-disparagement clause on January 18, 2018.  ECF No. 412.

On January 25, 2018, Defendants filed a Notice of Appeal.  ECF No. 414.  The next day, Plaintiff Barber's attorneys filed a motion for attorney's fees and costs in connection with the preliminary injunction motion seeking $341,319.24 in attorneys' fees and $8,046.57 in costs.  ECF No. 415.  The present Motion followed.

## DISCUSSION

Given the pendency of the appeal before the Ninth

Circuit, the Court finds that judicial economy will be served by holding in abeyance the attorneys' fees motion and staying its disposition until the appeal is resolved.  Generally, a court has broad discretion to stay proceedings incident to the court's power to control its own docket.  Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The court must weigh the competing interests affected in the granting or denying of a request for stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  These interests include: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of the issues, proof, and questions of law which could be expected to result from a stay.  Id. (citing Landis, 299 U.S. at 254-55); accord Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) (weighing the balance of hardship between the parties and the prospect of narrowing the factual and legal issues in the other proceeding in deciding the motion for stay).  The party seeking the stay bears the burden of proving that such a discretionary stay is warranted.  Clinton v. Jones, 520 U.S. 681, 708 (1997).

   Here, after reviewing Plaintiff's Motion for Attorney's Fees, estimating the time needed to complete the necessary

careful inspection of the written submissions related to the attorney's fees motion, perform legal research and draft orders, and weighing the interests of the litigants and the public interest in promoting judicial economy and the orderly administration of justice, the Court concludes that a stay of the attorney's fees motion is both appropriate and necessary. Disposition of the attorney's fees motion may lead to the filing of additional related motions in the future, such as motions for reconsideration and/or objections to the findings and recommendation, which would necessarily require the expenditure of additional judicial resources.  Because Plaintiff's attorney's fees motion is predicated on an order that is currently on appeal, the Court and the parties' interests would best be served by waiting for the Ninth Circuit's decision before determining if and/or what amount of attorney's fees should be awarded. Accordingly, the Court STAYS AND HOLDS IN ABEYANCE the subject motion for attorney's fees and costs.  For administrative purposes, Plaintiff's motion for attorney's fees shall be terminated, and may be reactivated at the request of the parties upon the lifting of the stay after the Ninth Circuit has issued its decision and mandate.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants Ohana Military Communities, LLC and Forest City Residential

Management LLC's Motion to Stay Plaintiff's Motion for Attorney's Fees and Costs. For administrative purposes, Plaintiff's Motion for Attorney's Fees and Costs shall be terminated, and may be reactivated at the request of the parties upon the lifting of the stay after the Ninth Circuit has issued its decision and mandate.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, FEBRUARY 6, 2018.



Richard L. Puglisi
United States Magistrate Judge

**BARBER, ET AL. v. OHANA MILITARY COMMUNITIES, LLC, ET AL.; CIVIL NO. 14-00217 HG-RLP; ORDER GRANTING DEFENDANTS OHANA MILITARY COMMUNITIES, LLC AND FOREST CITY RESIDENTIAL MANAGEMENT LLC'S MOTION TO STAY PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**